**FILED**

**NOVEMBER 26, 2007**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**RECEIVED**

NOV 14 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

United States of America ex rel.

Dwayne A. Dorsey K67896
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

Donald Hulick Warden
(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

**(Fill in the following blank only if judgment
attacked imposes a sentence to commence
in the future)**

ATTORNEY GENERAL OF THE STATE OF

Illinois Champaign County
(State where judgment entered)

07CV6474
JUDGE MAROVICH
MAG.JUDGE DENLOW

Case Number of State Court Conviction:

01-CF-2153

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: Champaign County Court House
101 E Main St. Urbana IL, 61801

2. Date of judgment of conviction: April 19, 2002

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
predatory Criminal Sexual Assault, Aggravated Sexual Assault

4. Sentence(s) imposed: Consecutive 30, 60 yr. to run concurrent with 30 yr for Criminal sexual as

5. What was your plea? (Check one)   (A) Not guilty (X)
(B) Guilty ( )
(C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1.  Kind of trial:  (Check one):    Jury (X)        Judge only ( )

2.  Did you testify at trial?    YES (X)        NO    ( )

3.  Did you appeal from the conviction or the sentence imposed?  YES (X)  NO ( )

    (A)  If you appealed, give the

        (1)    Name of court:    Appellate Sixth Judicial Circuit

        (2)    Result:    Affimed, Vacated reduce resentencing

        (3)    Date of ruling:    January 8, 2004

        (4)    Issues raised:    See (4) issues raised on next page By Appointed Counsel

    (B)  If you did not appeal, explain briefly why not:

4.  Did you appeal, or seek leave to appeal, to the highest state court?  YES (X)        NO ( )

    (A)  If yes, give the

        (1)    Result:    Petition for leave to Appeal was Denied

        (2)    Date of ruling:    March 21, 05

        (3)    Issues raised:    See original petition on next page

    (B)  If no, why not:

5.  Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )  No (X)

    If yes, give (A) date of petition: _____  (B) date *certiorari* was denied: _____

Revised: 7/20/05

# Issues Raised on direct appeal

## I.

the State Failed to prove defendant Guilty of Beyond a Reasonable Doubt Where the Evidence of Identity Was weak in Light of the Unreliable Method by which the identity was Elicited by the police and Because, in order to Blame the offense on Mr. Dorsey, the State Had to Change its theory of the Case Regarding the Time of the Offense to Fit New Medical Data.

## II.

The Trial Court's Decision to Allow the State to Present the Childs Hearsay Statements Pursuant to Section 115-10 was Erroneous Given the Absence of Sufficient Safeguards of Reliability.

## III.

the Defendant Was Denied a Fair Trial By the introduction of Hearsay Statements Made by the Victim which were Admitted Pursuant to 725 ILCS 5/115-10 in Violation of the Const. Clauses of Both the Illinois and United States Constitutions.

## IV.

Resentencing is Required Because (1) the Sentences for the 2nd Count of Predatory Criminal Sexual Assault and Aggravated Criminal Sexual Assault are Carved out of the Same Offense, (2) Even though the Trial Court Correctly Vacated the Consecutive Sentence for Aggravated Criminal Sexual Assault, the Court was Not Empowered on Resentencing to Double Mr. Dorsey's Original Sentence for the 2nd Count of Predatory Criminal Sexual Assault of a Child by imposing a Maximum Extended Term Sentence of 60 years for that Offense; And/or, (3) the Sentences were Excessive.

IN THE

SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING

SPRINGFIELD 62701

People of the state of
ILLinois
  Plaintiff, Appellee.
     -vs-
Dwayen A. Dorsey
  Defendant-Appellant.

Appeal from the
Circuit Court of the
Sixth Judicial Circuit,
Champaign County, IL.

No.01-CF-2153
Thomas J. Difanis
Presiding Judge.

Affidavit of intent to file
a petition for leave to appeal.

Pursuant to Supreme Court Court rule 315, Dwayen Dorsey pro se.
states as follows:

!.   That the above captioned cause was decided by this Honorable
court on January 8, 2004

2.   That defendant intented in good faith to file a petition for
leave to appeal to the Illinois Supreme Court in the above
captioned cause.

3.   That the undersigned first being duly sworn on oath, deposes
and states that he has read the foregoing documents and that
the statement contained herein are true in substance and in
fact.

Dwayen A. Dorsey.
Prison Num. K-67896

( )                              ( )

IN THE

SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING

SPRINGFILED 62701

People of the state of                    Petition for leave to appeal
Illinois.                                 from the Appellate Court of
   Plaintiff, Appellee.                 IL. Fourth Judical Circuit
       -vs-                                    Springfild, IL .
Dwayen A. Dorsey                          No-4-03-0251
   Defendant-Appellant.


__Petition for Late leave to appeal to the Illinois Supreme Court.__

Pursuant to Supreme Court Rule 315(b) Dwayen A. Dorsey pro se
states as follow:

1.    That the defendant is presently incarcerated at the Menard
Correctional center, and has been through all proceeding in the
case.

2.    When the defendant received his documents from his counsel
he wasn't able to communicate with counsel through collect
phone call or by visit. Defendant having no knowledge of
that he had to file or even how to file petition for leave
to appeal.

3.    The defendant finally made contact and was able to talk with
counsel on September 21,2004 which is the reason for filing
late Notice to the Illinois Supreme Court. Wherefore defenda
-nt, Dwayen A. Dorsey respectfully ask this honorable Court
to grant his petition for late leave to appeal. for the
above stated reason

               Respectfully submitted

               Dwayen A. Dorsey K 67896
               P.O. Box 711
               Menard,IL 62259

( )                IN THE                ( )
Supreme Court of Illinois
Supreme Court Building
Springfield, IL 62701

People of the State of ILL.
    Plaintiff, Appellant.
       -vs-
Dwayen A. Dorsey
    Defendant-Appellant.

Petition for leave to appeal
from the Appellate Court of
ILL, Fourth Judicial Circuit
Springfield, Illinois 62701
No-4-03-0251

## Petition for late leave to appeal.

To the Honorable Justice of the Supreme Court of the State of
Illinois:

    May it please the Court:
    Petitioner, Dwayne A. Dorsey, pro se respectfully petition
this Honorable Court for leave to appeal pursuant to
Supreme Court Ruls 315 from the judgement of the Appellant
Court of the fourth Judicial Circiut, which affirmed the
judgement of conviction entered by the Circuit Court of
Champaign county, Illinois upon the virdict finding petit-
-ioner guilty of predatory criminal sexual assault.
Following trial proceeding Defendant was convicted of two
counts of predatory criminal sexual assault.  Defendant
was sentenced to consecutive 30 and 60 years  to run
concurrent.  On appeal the defendant contends that (1)
his guilt was not proven beyoud a reasonable douth. (2)
the court erred in admitting the victim's statement to the
police under 725 ILCS 5/115-10, (3) section 115-10 is
unconstitutional.  (4) The evidence of identity was weak
in light of the unreliable method by which the identity
was elicited by the police and because in order to blame
the offense on Mr. Dorsey, the state had to change it's
theory of the case regarding the time of the offense to
fix New Medical date.

The trial court's decision to allow the state to present the child's hearsay statement pursuant to section 115-10 was erroneous given the absence of sufficient safeguards of reliability. Mr. Dorsey takes issue with the state's contention on appeal that the police recorded the interview with the victim, the states brief asserts the conversation was recorded simultaneously by Detective Funkhouser, who prepared a written report of the conversation (Vol.VII,R.155-60)(State's at 17).  The states brief also states a record was made contempoaneously with the conversation and in which the officers involved were able to recreate the circumstances surrounding the conversation in their testimony. (State's Brief at 18).  On the contrary, the record reveals that Detective testified he took notes of the interrogation but he destroyed his notes before trial.(VOL.VII.R.159-6) in part by failing to meaningfully record the police interrogation in this close case, the State failed to establish that there were sufficient indicia of reliability in the victims statement. Mr.Dorsey was preindiced by the admission of hearsay statements that were not supported by adequate guaranteed of reliabilty. Therefore, this court should reverse and remand the cause for a new trial.  Mr. Dorsey was denied a fair trial by the introduction of hearsay statement which were admitted pursuant to 725 ILCS 5/115-10 in violation of the Constitution clauses of both the Illinois and United States constitution, article. V,VI,XIV. The Court erred in imposing sentence at open sentencing after trial without any plea agreement signed by the defendant, therefore the court were operating illegaly.  Without a file on Mr. Dorsey to imposes a sentence at open court, Mr. Dorsey feels entitle that his case should be review by this Honorable Court. Aswell, because of the constitutional violations of defendant's right, and the flaws stemming from this case, due to the discrepancy in the dates alleged of the offense the jury was not appraise  in viewing these discrepancy as to the dates.

Dwayne Dorsey

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (X)   NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: The Fourth Judicial Circuit of Illinois Champaign County

   B. Date of filing: April 1, 2005

   C. Issues raised: See original post conviction with Same issues on next page. I also filed to circuit court Suppliment issues (1) preliminary hearing Speedy Trial, Public trial, Probable Cause, Counsel's pleading, Arguing Guilt without prob

   D. Did you receive an evidentiary hearing on your petition?    YES ( )   NO (X)

   E. What was the court's ruling?   Denied frivolous patently without Merit

   F. Date of court's ruling: May 13, 2005

   G. Did you appeal from the ruling on your petition?    YES (X)   NO ( )

   H. (a)   If yes, (1) what was the result? Notice of Appeal, Appellant Attorney Appointed

         (2) date of decision: May 31, 2005

      (b)   If no, explain briefly why not: _____

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES (X)   NO ( )

      (a)   If yes, (1) what was the result? Counsel Allowed to withdraw, conviction, Sentence Affirmed, Denie

         (2) date of decision: April 5, 2007

      (b)   If no, explain briefly why not: _____

3

Revised: 7/20/05

IN THE CIRCUIT COURT

OF THE __Fourth__ JUDICIAL CIRCUIT OF ILLINOIS

__Champaign__ COUNTY, __Champaign__ ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS
Plaintiff-Respondent,

vs.

__DwAyne A. Dorsey__
Defendant-Petitioner

Case No. __4-03-025 1__

## AFFIDAVIT

I, __Dwayne A. Dorsey__, state on oath as follows:

1. I am the defendant-petitioner in the above-captioned cause.

2. that ever information is true state as follow

3. AFFidavit for post-Conviction Relief, Appointed of Counsel

4. Request to proceed in forma pauperis

5. Motion for leave to procee in forma pauperi.

Subscribed and sworn to
before me on this __1st__ (3)
day of __April__, ~~2003~~ 2003

_____
NOTARY PUBLIC

__Dwayne A. Dorsey__
Defendant-Petitioner
Pro Se   Dwayne A. Dorsey K67896

"OFFICIAL SEAL"
Patricia Luers
Notary Public, State of Illinois
My Commission Exp. 12/15/2008

**IN THE CIRCUIT COURT**

OF THE _Fourth_ JUDICIAL CIRCUIT OF ILLINOIS

_Champaign_ COUNTY, _Champaign_, ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE ILLINOIS | ) |
| | ) |
| | ) |
| Plaintiff-Respondent, | ) |
| | ) O1 CF 2153 |
| vs. | ) CASE NO. _4-03-0251_ |
| | ) |
| _Dwayne Dorsey_ | ) |
| Defendant-Petitioner | ) |

## POST-CONVICTION PETITION

Now comes the petitioner, _Dwayne A. Dorsey_, pro se, pursuant

to 725 ILCS 5/122 et seq. (West 1992), formerly Illinois Revised Statutes, 1991, Chapter

38, Section 122, et seq. and moves this Honorable Court to vacate the judgment entered

on _April 19_ _20 02_, in the Circuit Court of _Champaign_,

upon being convicted of the offense(s) of _predatory Criminal_

_Sexual assault_ in connection with the

above-captioned case.

In support thereof, the petitioner states as follows:

1.    Petitioner is presently incarcerated in the _Menard_,

Correctional Institution, _Menard_ Illinois, under _Consecutive_

sentences for _30 and 60 year_, imposed

by the Circuit Court of _Champaign_ County, Illinois, on

_May 23_ _20 02_, in connection with the above-captioned case.

IN THE
Supreme Court of Illinois
Supreme Court Building
Springfiled 62701

People of the state of ILL.
      Plaintiff, Appellee.

-vs-

Dwayen A. Dorsey
      Defendant-Appellant.

Petition for leave to appeal
from the Appellate Court of
ILL, Fourth Judicial Circuit
Springfiled, IL
No.-4-03-0251

## Motion to show cause.

Now come defendant-appellant, Dwayen A. Dorsey pro se pursuant
to the order of the Appellant Court of Illinois, Fourth District
case number 4-03-0251, states as follow:

Defendant was given the impression by appointed counsel, that
after receving defendant's letter and affidavit of intent to file
a petition for leave to appeal, that she, the counsel was going
to file in my, the defendant behalf. If counsel had not fail to
comply in rendering effective assistence of counsel in perfecting
the defendant appeal. in violation of the defendant Sixth amend-
ment right of the United States Constitution, this action that
must now be taken would  have been unnecssary.

_Dwayne A. Dorsey_ K67896

T( )specific facts of my case q( ):

!.   The State failed to prove defendant guilty beyond a reason-
     -able douth, where the evidence of identity was weak in
     light of the unreliable method by which the identity was
     elicited by the police and because in order to blame the
     offense on the defendant the State had to change it's theory
     of the case regarding the time of the offense to fit new
     Medical data.

2.   The trial Court's decision to allow the State to present the
     Childs hearsay statements pursuant to section 115-10 was
     erroneous given the absence of sufficient safeguards of
     reliability.

3.   The defendant was denied a fair trial by the introduction of
     hearsay statements made by the victim which were admitted
     pursuant to 725 ILCS 5/115-10 in violation of the confront-
     ation clauses of both the Illinois and the United States
     constitution.

4.   Misrepresentation by appointed counsel.  Counsel filed a
motion to reconsider sentence, the motion was filed without the
defendant signature of approval, defendant's counsel motion
conceded that the trial court had the authority to impose an
excessive  sentence which is illegal.  Defendant never request
motion to reconsider sentence so therefore appointed counsel can
not file on behave of the defendant therefore the state is
opereting without a file.  The court stated that at the original
sentence hearing it had been operating without the court file,
(Stated in brief and argument of Defendant-Appellant).


WHEREFORE, petitioner prays that this Honorable Court will vacate
the judgment entered on Apr.| 19_____,20 62 ,and grant petitioner
a new trial.

2.      Review of my conviction and sentence is necessary because of the following

violation(s) of my constitutional rights at trial time, in particular:

1.  Misrepresentation By Appointed Attorney
By not giving the defendant an adequate opport-
unity to cross-examine the victims as to her
statements asked by the state denying the
defendant the greatest legal right ever invented
for discovery of Truth. which is violation Constitutio

2.  The Introduction into evidence of such state
ments severely prejudiced the defendant The
Jury was denied the opportunity to observe the
demeanor of the declarant, an important part of
determing the weight and credibility to be placed
on the statements offered and, one of the
necessary elements of confrontation violation
of the defendants Rights of 6th Amendment.

3.  At Sentencing Counsel filed a motion to reconsider.
Sentence illegly without the defendants acknowledg-
ment or Signature of agreement or approval
The motion would therefore admitt the defendants
addmission of guilt therefore violation Constitutional
Rights

# IN THE CIRCUIT COURT

OF THE _Fourth_ JUDICIAL CIRCUIT OF ILLINOIS

_Champaign_ COUNTY, _Champaign_, ILLINOIS

---

PEOPLE OF THE STATE ILLINOIS )
)
)
Plaintiff-Respondent, )
)                    _01CF 2153_
vs. )
)     CASE NO. _4-03-0251_
)
_Dwayn A. Dorsey_ )
**Defendant-Petitioner** )
)

---

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner, _Dwayne A. Dorsey_, comes before this Court and respectfully requests that counsel be appointed to represent him on the attached Petition for Post-Conviction Relief. Petitioner further requests that counsel be required to read the transcript, consult with petitioner, and amend the petition if necessary.

In support of this request, petitioner states as follows:

1.  I am without any source of income or assets to pay the services of an attorney.

2.  I am without the service of counsel to represent me on the attached petition and wish that counsel be appointed to represent me.

WHEREFORE, petitioner, _Dwayne A. Dorsey_ prays that counsel be appointed to represent him on the attached petition for post-conviction relief.

_Dwayne A Dorsey_
**Defendant-Petitioner**
**PRO SE** _Dwayne Dorsey K67896_

( )                                              ( )

## IN THE CIRCUIT COURT

OF THE _Fourth_ JUDICIAL CIRCUIT OF ILLINOIS

_Champaign_ COUNTY, _Champaign_ , ILLINOIS

---

PEOPLE OF THE STATE ILLINOIS    )
                                )
                                )
Plaintiff-Respondent,           )
                                )          O1 CF 2153
                                )   CASE NO. 4-03-0251
vs.                             )
                                )
                                )
_DwAYne A. Dorsey_              )
**Defendant-Petitioner**        )

---

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

_Dwayne Dorsey_, petitioner, comes before the court and respectfully requests that petitioner be granted leave to file in forma pauperis the attached petition for post-conviction relief, filed pursuant to 725 ILCS 5/122-1 et seq. (West 1992), formerly Illinois Revised Statutes, 1991, Chapter 38, Section 122, et seq.

In support of this request, petitioner, _DwAYne A. Dorsey_ , states:

1.   I have been sentenced to _30 and 60 yrs ConSecetive_ .

2.   I am presently incarcerated in _Menard Correction_ , Illinois.

3.   Petitioner is presently without assets or any source of income with which to finance the cost of these legal proceedings.

WHEREFORE, petitioner, _DwAYne A. Dorsey_ prays that leave be granted leave to file in forma pauperis the attached petition for post-conviction relief.

_Dwayne A. Dorsey_
**Defendant-Petitioner**

**PRO SE**    _DwAYne A. Dorsey K6789_

IN THE CIRCUIT COURT

OF THE ___Fourth___ JUDICIAL CIRCUIT OF ILLINOIS

___Champaign___ COUNTY, ___Champaign___, ILLINOIS

---

PEOPLE OF THE STATE ILLINOIS        )
                                    )
                                    )
Plaintiff-Respondent,               )        OICF 2153
                                    )
        vs.                         )   CASE NO. 4-03-0251
                                    )
                                    )
___Dwayne A. Dorsey___              )
**Defendant-Petitioner**            )

---

## AFFIDAVIT IN SUPPORT OF REQUEST
## TO PROCEED IN FORMA PAUPERIS

I, ___Dwayne A. Dorsey___, being first duly sworn, depose and say that I am the petitioner in the above-entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefore, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefore; that I believe I am entitled to relief.

I further swear that the responses which I have made to questions and instruction below are true.

1.      Are you presently employed?    Yes ( )   No (✓)

    a.      If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of the employer. _____

    _____

    b.      If the answer is "no", state the date of past employment and the amount of the salary and wages per month which you received. ____
    ___November 30, 2001___    ___$800 per month___

2.    Have you received within the past twelve months any money from any of the following sources?

    a.    Business, profession or form of self-employment? Yes ( )  No (✓)

    b.    Rent payments, interest or dividends?     Yes ( )  No (✓)

    c.    Pensions, annuities or lief insurance payments?  Yes ( )  No (✓)

    d.    Gifts or inheritances?     Yes ( )  No (✓)

    e.    Any other sources?     Yes ( )  No ( )

If the answer to any of the above is "yes", describe each source of money and the amount received from each during the past twelve months. _____

_____

3.    Do you own cash, or do you have money in a checking or savings account? (Include any funds in prison accounts)     Yes ( )  No (✓)

If the answer is "yes", state the total value of the items owned. _____

_____

4.    Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? (Exclude any ordinary household furnishings & clothing) Yes ( )  No (✓)

If the answer is "Yes", describe the property and state its approximate value._____

_____

_____

5.    List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support. I the Father of 4 Daughters no income as of Now

_____

# IN THE CIRCUIT COURT

OF THE _Fourth_ JUDICIAL CIRCUIT OF ILLINOIS

_Champaign_ COUNTY, _Champaign_, ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE ILLINOIS | ) | |
| | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | 01CF 2153 |
| | ) | |
| vs. | ) | CASE NO. 4-03-0251 |
| | ) | |
| _Dwayne A. Dorsey_ | ) | |
| **Defendant-Petitioner** | ) | |

## AFFIDAVIT

Petitioner, _Dwayne A. Dorsey_, duly sworn, states upon his oath that the facts stated in the foregoing Petition for Post-Conviction Relief and Motion For Appointment Of Counsel are true and correct in substance and in fact.

**FURTHER AFFIANT SAYETH NOT.**

_Dwayne A. Dorsey_
**Defendant-Petitioner**

**PRO SE** Dwayne A. Dorsey K67896

Subscribed and sworn to
before me on this _1st_
day of _April_
19 _2005_.

_____
**NOTARY PUBLIC**

"OFFICIAL SEAL"
Patricia Luers
Notary Public, State of Illinois
My Commission Exp. 12/15/2008

# IN THE CIRCUIT COURT

OF THE _Fourth_ JUDICIAL CIRCUIT OF ILLINOIS

_Champaign_ COUNTY, _Champaign_, ILLINOIS

---

PEOPLE OF THE STATE ILLINOIS )
)
)
Plaintiff-Respondent, )
) OICF 2153
vs. ) CASE NO. 4-03-0251
)
_Dwayne A. Dorsey_ )
**Defendant-Petitioner** )

---

## NOTICE AND PROOF OF SERVICE

TO: _Linda S. Frank_                    _John C. Piland_
**Circuit Clerk**                         **State's Attorney**
_Champaign_ **Courthouse**           _Champaign_ **Courthouse**
_Urbana_, Illinois _61801_            _Urbana_, Illinois _61801_

Please take notice that I have mailed the original and one copy of the Petition for Post-Conviction Relief, Motion for Appointment of Counsel and Motion to Proceed In Forma Pauperis for in the above-captioned matter to the Circuit Clerk of the above county and that I am serving the State's Attorney with one copy of said petition by depositing the copies in the mail in _Menard_, Illinois in envelopes with sufficient prepaid postage and addressed as indicated above on this _1st_ day of _April_, 19 _2005_.

_Dwayne A. Dorsey_
**Defendant-Petitioner**

PRO SE _Dwayne A. Dorsey K67891_

Subscribed and sworn to
before me on this _1st_
day of _April_,
19 _2005_

_Patricia Ann_
**NOTARY PUBLIC**

## Issues that where Supplimented to Post

Continued from page (3) (C.) issues raised that where Supplimented for the clerk to suppliment to My post-conviction 6th Amend. Violation, 5th Amend.

(1) Violation of preliminary hearing

(2) Speed Trial Violation By means of Criminal Contempt

(3) Public Trial Violation

(4.) Police interrogation long questioning without Cour requested

(5) Competent Attorney Filed motion to reconsider. Motion was Filed without defendant Signature of approval, or request which give Authory to give excessive Sentence Without any File ever exsisting Which is perJury.

(6) the defendants Copy of his original Brief on direct appeal people v. Dorsey 4-03-0251 (Jan. 8, 2004)

Notice of appeal For denied Petition For Post-Conviction Order on next page.

IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS
SIXTH JUDICIAL CIRCUIT

**FILED**
SIXTH JUDICIAL CIRCUIT

THE PEOPLE OF THE STATE OF ILLINOIS

MAY 3 1 2005

       vs                   )

DWAYNE DORSEY   K67896       )    01 CF 2153

                          )

                          )

_Linda S. Frank_
CLERK

## NOTICE OF APPEAL

An appeal is taken from the order or judgment described below:

1. Court to which appeal is taken:

   APPELLATE COURT OF ILLINOIS, FOURTH JUDICIAL CIRCUIT

2. Name of Appellant and address to which notice shall be sent:

   Name:   DWAYNE DORSEY   K67896
   Address:   MENARD CORRECTIONAL CENTER
               P.O. BOX  711   MENARD, IL  62259

3. Name and address of Appellant's Attorney on appeal:

   Name:  DANIEL D. YUHAS
   Address:   OFFICE OF THE APPELATE DEFENDER
              400 S NINTH ST., SUITE 102   SPRINGFIELD, IL  62705-5750

4. Date of judgment or order:  MAY 13, 2005

5. Offense of which convicted:  FOUND GUILTY BY JURY OF COUNT 7 PRED CRIM SEX ASSLT CHILD CLASS X, COUNT 8 PRED CRIM SEX ASSLT CHILD CLASS X, AND COUNT 9 AGG CRIM SEX ASSLT CLASS X  OF THE INFORMATION FILED APRIL 11, 2002.

6. Sentence:  PURSUANT TO THE MANDATE FROM THE APPELLATE COURT, SENT IS MODIFIED TO 30 YEARS DOC W/119 DAYS CREDIT ON CNT 7 PRED CRIM SEX ASSAULT CHILD CLASS X AND 30 YEARS DOC ON COUNT 8 CRIM SEX ASSAULT CHILD CLASS X.   SENTENCES TO RUN CONSECUTIVELY.

7. If appeal is not from a conviction, nature of order appealed from:
   MAY 13, 2005 - DENIED PETITION FOR POST-CONVICTION

                              DWAYNE A. DORSEY   K67896
                              Defendant-Appellant

          By         _Linda S. Frank_
                           Clerk of the Circuit Court
                           Champaign County, Illinois

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS )
                                     )
            -vs-                     ) No.  01 CF 2153
                                     )
DWAYNE DORSEY    K67896              )

**FILED**
SIXTH JUDICIAL CIRCUIT

MAY 3 1 2005

L_____ S. F____
CLERK OF ____ _____ ___

## APPOINTMENT OF COUNSEL ON APPEAL

It appearing to the Court that the above-named plaintiff desires to appeal from the order entered by the Court on MAY 13, 2005                ,and that the plaintiff is indigent and requests the appointment of counsel,

IT IS THEREFORE ORDERED that:

Daniel D. Yuhas, Deputy Defender
Office of the State Appellate Defender
Fourth Judicial District
400 S. Ninth St., Suite 102
Springfield, IL 62705-5750

is hereby appointed to represent the above-named defendant for purpose of appeal.

IT IS FURTHER ORDERED that the Clerk of this Court shall prepare and file a Notice of Appeal on behalf of the above-named plaintiff, and shall send a copy of the Notice of Appeal to the defendant's counsel.

IT IS FURTHER ORDERED that the Official Shorthand Reporter of this Court shall:

(a)  Forthwith transcribe an original and a copy of all the notes taken of the proceedings in the above-entitled cause;

(b)  Without charge to the defendant and within forty-nine days from the date the Notice of Appeal is filed, file the original of the Report of Proceedings with the Clerk of this court and on the same day mail or deliver the copy of the Report of Proceedings to the defendant.

IT IS FURTHER ORDERED that the Clerk of this court shall:

(a)  Send a copy of this order to the defendant and to defendant's counsel;

(b)  Prepare and certify the Record on Appeal pursuant to Supreme Court Rules 324 and 608;

(c)  File the Record on Appeal in the reviewing court within sixty-three days from the date the Notice of Appeal is filed, or file send the Record on Appeal to the defendant's counsel;

(d)  Furnish the defendant with a copy of the common law record.

DATE: MAY 13, 2005            ENTER: JUDGE JEFFERY B. FORD

C000411

IN THE COURT OF CHAMPAIGN COUNTY'S

SIXTH JUDICIAL CIRCUIT



**FILED**
SIXTH JUDICIAL CIRCUIT

MAY 3 1 2005

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY

I, **LINDA S. FRANK**, Clerk of the Circuit Court in and for the

County and State aforesaid, and Keeper of the records, files and the

seal of said Court, do hereby certify that I did, on the 31ST

day of MAY 20 05, send by United State's Mail, postage

fully prepaid, a copy of the attached MOTION AMEND RECORD ON APPEAL

<u>HON. DARRYL PRATSCHER</u>
Clerk of the Appellate Court
Fourth Judicial District
201 West Monroe Street
P.O. BOX 19206
Springfield, IL 62794-9206

<u>LISA MADIGAN</u>
Attorney General
State of Illinois
500 S. SECOND STREET
SPRINGFIELD, IL 62706

<u>DANIEL D. YUHAS</u>
Deputy Defender
400 S. NINTH STREET
SUITE 102
SPRINGFIELD, IL 62794-9206

<u>JULIA REITZ</u>
Champaign County State's Attorney
101 E. MAIN STREET
URBANA, IL 61801
(Hand Delivered)

DWAYNE DORSEY K67896
MENARD CORRECTIONAL CENTER
P.O. BOX 711
MENARD, IL 62259

(SEAL)

*Linda S. Frank*
Clerk of the Circuit Court
Champaign County, Illinois

**Jeffrey B. Ford**

Associate Judge
Room 332C
Courthouse
101 East Main Street
Urbana, Illinois 61801

Sixth Judicial Circuit
Champaign County

Telephone (217) 384-1292
Fax (217) 384-8424

May 12, 2005

Warden Alan Uchtman
Menard Correctional Center
711 Kaskaskia Street
P.O. Box 711
Menard, IL 62259

Re: Dwayne A. Dorsey, K67896

Dear Warden Uctman:

Enclosed, please find an Order on Post-Conviction Petition which was determined to be frivolous and patently without merit. I am informing you of this pursuant to 730 ILCS 5/3-6-3(b) with regard to the inmates good conduct credits. If you have any questions, feel free to contact me.

Very truly yours,

Jeffrey B. Ford
Associate Judge

JBF/jd

C000405

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?    YES ( )        NO (x)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.   Nature of proceeding      _____

        2.   Date petition filed      _____

        3.   Ruling on the petition      _____

        4.   Date of ruling      _____

        5.   If you appealed, what was
            the ruling on appeal?      _____

        6.   Date of ruling on appeal      _____

        7.   If there was a further appeal,
            what was the ruling ?      _____

        8.   Date of ruling on appeal      _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?    YES ( )    NO (x)

    A. If yes, give name of court, case title and case number: _____

_____

    B. Did the court rule on your petition?  If so, state

        (1) Ruling:    _____

        (2)   Date:    _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?    YES ( )        NO (x)

    If yes, explain: _____

_____

Revised:  7/20/05

## PART III – PETITIONER'S CLAIMS

1.   State briefly every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  You may attach additional pages stating additional grounds and supporting facts.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)  Ground one   Probable Cause that defendant arrested Committ a felony act
Supporting facts (tell your story briefly without citing cases or law):

the interview didn't stop when I responded I Didnt want to sign or do any thing without counsel present for their lie detector, I was told we dont have time. police gave false testimony against defendant, his report was Summited as evidence and was the State only evidence that was presented at trial which is hearsay without proof of the actual interview shown in court to give Credibility to officer testimony as truth

(B)  Ground two   the State violated defendant preliminary Hearing requested
Supporting facts:

Prosecutor Proceeded against defendant without a vaild indictment or his waiver of preliminary hearing. on the other hand the State prosecutor is Claiming other wise and therefore Committing perjury by Fraud in perducing and presenting False indictment Copy, transcripts of a Grand Jury proceeding, and altered preliminary hearing transcript in an attempt to cover up conspiracy to a Wrongful prosecution and Convition by way of Misconduct.  -(review Exhibits *1,*2,*3)

Revised:  7/20/05

# For review falsified Documents

Defendants [1] falsely fabricated copy report of the State's True Bill indictment, review the fabricated signature of the Supposibly forman of the Grand Jury, its not a name or signature at all an atempt to falsely prosecution misconduct a indigent defendant. Pre-trial discovery order - if Grand Jury minutes were recorded by Court reporter a transcript of the accused and relevent testimony of persons whom the State intends to call as witness. [2] the defendant is asking this Court to review defendant's Copy of false Grand Jury proceeding Supposibly held December 13, 2001 there not legitimit true transcript of a true Grand Jury reportings. another atempt to mislead and illegaly prosecute an indigent defendant. instead of Grand Juors asking questions prosecutor is asking officer questions in defendant's fake report. where are the asigned Juors and said names of Juors and Court asigned Juors numbers? [3] defendant is asking this Court to review defendant's false altered preliminary hearing transcript of proceedings December 18, 2001. if the State is claiming defendant is indicted then a preliminary hearing wouldn't take place and defendant wouldn't be asked if he wish to waiver, Dec. 18, 2001, you cant be indicted and have a preliminary Hearing defendant petition showed signed Affividavit witness to hearing

IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS

During the Month of __DECEMBER__, A.D., 2001

THE PEOPLE OF THE STATE OF ILLINOIS

vs.

DWAYNE A.DORSEY

**FILED**

SIXTH JUDICIAL CIRCUIT

DEC 1 3 2001

Linda S. Frerk
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**INDICTMENT**
CT I & II PREDATORY CRIMINAL SEXUAL ASSAULT OF A CHILD

For_____

**A TRUE BILL**

Foreman of the Grand Jury

**WITNESSES**

**M.Huckstep, Champaign Police Department**

Bond fixed in the amount of

$_____

_____
Judge

C000011

Exhibit #2

1
2          IN THE CIRCUIT COURT
       OF THE SIXTH JUDICIAL CIRCUIT
3         CHAMPAIGN COUNTY, ILLINOIS

FILED
SIXTH JUDICIAL CIRCUIT

NOV 0 8 2006

4

5   PEOPLE OF THE STATE OF ILLINOIS )

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

                                  )
6                Plaintiff        )
                                  )
7           vs.                   )No.01-CF-2153
    DWAYNE A. DORSEY,             )
8                                 )
                                  )
9                Defendant        )

10

11          REPORT OF PROCEEDINGS

12      Proceedings held in the above-entitled

13  cause on December 13, 2001, before the

14  Grand Jury of Champaign County.

15

16  APPEARANCES:

17

18      ELIZABETH DOBSON
        Assistant State's Attorney
19      Appearing on behalf of the People

20

21

22

23

24

1

2                    MARK HUCKSTEP

3    Having been first duly sworn, was examined and

4    testified as follows:

5

6          MS. DOBSON:   This case is

7    2001-CF-2153, People vs. Dwayne A. Dorsey.

8    This is a two-count indictment, each count

9    alleging an offense of Predatory Criminal

10   Sexual Assault of a Child.   The indictment in

11   Count I states that the during the months of

12   March and April 2001, within Champaign

13   County, Illinois, Dwayne A. Dorsey committed

14   the offense of Predatory Sexual Assault of a

15   Child in that the said Defendant who was

16   seventeen years of age or older committed an

17   act of sexual penetration with

18   Emanuelle McFall-Miles who was under thirteen

19   years of age when the act was committed, in

20   that the said Defendant placed his penis in

21   the vagine of Emanuelle McFall-Miles in

22   violation of 720 ILCS 35/12-14.11.   Count II

23   states that during the months of March and

24   April 2001, within Champaign County,

                        2

1    Illinois, Dwayne A. Dorsey committed the

2    offense of Predatory Criminal Sexual Assault

3    of a Child, in that the said Defendant who

4    was seventeen years of age or older committed

5    an act of sexual penetration with

6    Emanuelle McFall-Miles who was under thirteen

7    years of age when the act was committed, in

8    that the said Defendant placed his penis in

9    the vagina of Emanuelle McFall-Miles a second

10   time in violation of 720 ILCS 35/12-14.11.

11           I'll remind the grand jury you have

12   the right to subpoena and question any person

13   against whom the State's Attorney is seeking

14   a bill of indictment or any other person and

15   to obtain and examine any documents or

16   transcripts relevant to the matter being

17   prosecuted by the State's Attorney.  I'll

18   also advise the grand jury what while the

19   charge is a called Predatory Criminal Sexual

20   Assault of a Child, the fact, the word,

21   predatory, means nothing in connection with

22   the proof in this case.  We do not have to

23   prove stalking or some of type of

24   apprehension of the victim.  What is

1    important in this case or the case as charged

2    is to show the age of the Defendant being

3    over seventeen years of age, the fact that

4    the victim was under thirteen years of age

5    when the act was committed, and that an act

6    of sexual penetration took place.

7

8              EXAMINATION BY MS. DOBSON:

9        Q.   Detective, would you state your

10   name, please?

11       A.   Mark E. Huckstep.

12       Q.   What's your occupation?

13       A.   Detective for Safety, Champaign

14   Police.

15       Q.   How long have you been with the

16   Champaign Police Department?

17       A.   Ten years.

18       Q.   Now in connection with your

19   professional responsibilities, have you had

20   occasion to participate in an investigation

21   involving a child named

22   Emanuelle McFall-Miles?

23       A.   Yes, I have.

24       Q.   Is the child nine years of age with

1    a date of birth September 14, 1992?

2         A.   Yes, she is.

3         Q.   Was Emanuelle McFall-Miles taken to

4    a doctor concerning a vaginal discharge that

5    she had suffered from?

6         A.   Yes, she was.

7         Q.   At the time of the medical

8    examination for this, was it determined that

9    her hymenal tissue appeared to be torn or

10   irregular around the edges and further that

11   she had gonorrhea?

12        A.   That's correct.

13        Q.   Is Towanna McFall the mother of

14   Emanuelle McFall-Miles?

15        A.   Yes, she is.

16        Q.   Did she confirm that her boyfriend

17   is Dwayne Dorsey?

18        A.   Yes, she did.

19        Q.   Did she confirm that her boyfriend

20   Dwayne Dorsey had gonorrhea and, in fact, had

21   given it to her in April of 2001?

22        A.   Yes, she did.

23        Q.   Did you have occasion to interview

24   Emanuelle McFall-Miles?

5

1      A.   Yes, I did.

2      Q.   Did she make a report to you

3   concerning activity between herself and

4   Dwayne Dorsey?

5      A.   Yes, she did.

6      Q.   What did the child report had

7   happened?

8      A.   She said that he touched her -- his

9   thing to her thing, pulled down her

10   underwear, unzipped his pants, and that was

11   it.

12      Q.   Did she describe sexual intercourse

13   or actual contact between their genitalia?

14      A.   Yes.

15      Q.   Did you and Towanna Miles work to

16   attempt to locate the exact time frame when

17   this happened?

18      A.   Yes, we did.

19      Q.   Did it appear based on what the

20   child told both of you it occurred sometime

21   between March and April in the year of 2001?

22      A.   That is correct.

23      Q.   Does anyone have any questions?  I'm

24   sorry, I should also say as far as Mr. Dorsey

6

1   is concerned, did you learn that his date of

2   birth is March 8 of 1968?

3        A.   Yes, I did.

4

5             (Proceedings concluded.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

2

3          I, PAM WOOLLEY, certify that I reported

4    the proceedings of the Champaign County

5    Grand Jury and that the foregoing is a true

6    and correct transcript of said proceedings.

7          DATED THIS 22nd day of May, 2006.

8

9

10

Pam Woolley, CSR, RPR, RMR
11    084-002483

12

13

14

15

16

17

18

19

20

21

22

23

24

Defendant is asking this Court to review altered preliminary hearing transcript By the state Because where in defendants copy report does it show I stated I waived. instead it says "we'll show defendant waives". where in Copy report transcript it shows I said I waiver or Waived? the exact stament I was asked by the Judge was "Do you wish to waiver your preliminary hearing". I refused to waiver.

Exhibit #3

1          IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT

2                     CHAMPAIGN COUNTY, ILLINOIS

3     _____

4     THE PEOPLE OF THE STATE OF ILLINOIS,    )

5                          Plaintiff,         )

6                     v.                      )        No. 01-CF-2153

7     DWAYNE A. DORSEY,                        )

8                          Defendant.         )

9     _____

10              REPORT OF PRELIMINARY HEARING had in the above-

11    entitled cause on December 18, 2001, before the HONORABLE

12    HEIDI N. LADD, Judge Presiding.

13                                         4-05-0459

14    APPEARANCES:                 **SUPPLEMENT**        Vol. I

15         MS. SARAH CARLSON        **TO RECORD**

16         Assistant State's Attorney

17         for the People                  **FILED**
                                           AUG 3 0 2006
18
                                           Clerk of the
19         MR. KEVIN NOLAN          Appellate Court, 4th Dist.

20         Assistant Public Defender

21         for the Defendant

22

23                                         **FILED**
                                           SIXTH JUDICIAL CIRCUIT
24
                                           NOV 3 0 2005

                    1                      Linda S. Frank
                                           CLERK OF THE CIRCUIT COURT
                                           CHAMPAIGN COUNTY ILLINOIS

1                THE COURT: 1-CF-2153, Dwayne Dorsey, 1-CF-2153.

2      Defendant appears personally and by counsel, Mr. Nolan.

3      Here's a copy of your client's indictment, Mr. Nolan.  And,

4      again, it is the same language that he was arraigned on.

5      Waive formal reading?

6                MR. NOLAN: Yes, Judge.

7                THE COURT: Mr. Dorsey, do you have a copy of the

8      indictment in your case, sir?

9                DEFENDANT: Yes, ma'am.

10               THE COURT: It is the same language that was read to

11     you last time you were in court.  We'll show the defendant

12     waives formal reading.  Plea of not guilty.  This cause for

13     jury trial?

14               MR. NOLAN: That's correct, Judge.

15               THE COURT: Felony pre-trial January 30th, 9:30 a.m.

16     in Courtroom A.  Pre-trial discovery order entered.  Defendant

17     has been admonished as to trial in absentia.  Bond ordered to

18     continue.  Anything further?

19               MR. NOLAN: No, thank you, Judge.

20               THE COURT: Thank you.  You may go with the officer,

21     sir.

22

23

24

1   STATE OF ILLINOIS)

2                   ) ss

3   CHAMPAIGN COUNTY )

4                   COURT SPECIALIST'S CERTIFICATE

5       I, Kari Connolly, certify the foregoing to be a true and

6   accurate transcript of the electronic recording of the

7   proceeding of the above entitled cause which recording

8   contained a certification in accordance with rule or

9   administrative order.

10

11

12

13                      *Kari Connolly*

14                      Court Specialist

15

16   Date:   11/30/05

17

18

19

20

21

22

23

13Sept06

I, Jerry Dorsey, was present when my brother Dwayne Dorsey was before the Judge on December 18,2001.
I was in the courtroom to witness the defendant Dwayne Dorsey on the satellite screen state he did not want to wave his preliminary hearing.


Jerry Dorsey

*[signature: Jerry Dorsey]*

*[signature: Deborah L. Reeder]* 9/14/06

OFFICIAL SEAL
DEBORAH L. REEDER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-1-2010

May I address this court some of defendants personal Copies of his transcripts attached as exhibits have Been deleted of defendant and Court officials Conversations and statements by the state in an attempt to cover up the state wrong doings therefore Violating Due process for the purpose of an affective appeal - file of April 8, May 23, March 7, February 5, 2002 and April 18, 2002

( )                                        ( )

(C)  Ground three  *Violated defendant speedy Trial requested*
     Supporting facts:

By Finding defendant guilty of criminal contempt for refusing to apply
to a Court order for urien Sample when the State does not have
probable cause. when defendant never was charged by Grand jury
By indictment, then Sentenced defendant to 180 days prior to being
held in County Jail awaiting trial which delayed prosecution there-
fore violating the 120 days of speedy trial (See report File April 8
2002 pg.(4) - Exhibit

(D)  Ground four  *Charging additional Charge in a 2nd Indicment*
     Supporting facts:

Because I refused the State motion to Continue after being
held and Credited 68 day in County Jail and then request
for a Speedy trial the State schedule a hearing to issue
a 2nd indictment Charging additional Charges of Aggravated
Sexual Assault and was asking for 30 yrs. Because I
refused State motion (See report File of January 31, 2002 and
February 5, 2002 - Exhibits)

2.  Have all grounds raised in this petition been presented to the highest court having jurisdiction?

     YES ( )   NO ( )

3.  If you answered **"NO"** to question (2), state <u>briefly</u> what grounds were not so presented and why not:



6

Revised: 7/20/05

(E) Ground Five    Ineffective Assistance of Counsel
Supporting facts:

public Defender violated Due process By asking did i have a prior
conviction while on the stand at trial. trick me into self
incriminating myself in an open Court Bench trial for refusing
a Court order. (Exhibit File - 7th day of march 2002 pg. 8-14) and
(Exhibit File April 8, 2002). For Sentencing for criminal contempt
public Defender filed motion to reconsider Sentence without
my Consent or proof of file with my signature and is claiming
this file is on File which allows Judge to Deny and issue
extened term Sentence when Judge is out of Jurisdiction in
doing so. public Defender plead my guilt without consent
and proof of signature for probation interview. (See (2) A, B,
copies of defendants analysis exhibits report for presentence
on (march 21, 2002), (May 8, 2002) where defendant refusal
to comply Both attemps for plea bargain which admits
guilt for probation which defendant is non-probationable
under Chapter 730 ILCS 5/5-5 (3) (2) (c). So therefore, the
State has no File of defendant pleading. So the State is
claiming the File is to be lost. (See exhibits reports of
hearings (17th day of may 2002) (May 23, 2002) the State
operating without a File. (April 8, 2002 pg. 4) the State
admitting probation officer presentence report was able to
determine from Computer records because i refused to
Cooperate, therefore wasn't my Consent. not to be Confused
with the State argument for probation for being Found

guilt of contempt Because i was sentenced 180 days prior to being held in County Jail for contempt therefore probation wouldn't be a factor and the fact defendant is non-probationable then the interview with the probation officer would have been applying for admission one's guilt. Judge states "the Court was operating without the Court File," which makes it a little bit difficult to reconstruct sentence" (See Exhibit File report Motion to reconsider 24th day of June, 2002). Pg. 10,11 So i did not "concede" as the state is falsely claiming On direct appeal appellate defender reviewed case and sentencing for pleading my guilt for lesser or, and resentencing under one-act-one Crime rule waivering rights of innocents admitt guilt to crime which made viod a reversal for violating Both the Illinois and United States Constitutions. the state is committing perjury, no motion ever exsisted to give the Court authority to Sentence consecutive Sentences. By file

(F) **Ground Six**         Violating Fair rights to a Public Trial
Supporting Facts:

defendant trial was more of a Bench trial no one was present through out entire trial only State witnesses the 12 Juors the State Attorney my two Attorney's the Judge and a Correctional officer who i knew personaly from middle school accept during the victims testimony on the stand, people were Coming in were kicked out not allowed in to hear victims coerced, coached testimony By the State, and Appoint Counsel not effectively Cross-examenating to those statements

**PART IV – REPRESENTATION**

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _Kevin Nolan   101 E. Main St Urbana, Il, 61801_

(B) At arraignment and plea _D. Appleman   101 E. Main St. Urbana Il, 61801_

(C) At trial _Kevin Nolan, Janie Miller 101 E. Main St. Urbana Il, 61801_

(D) At sentencing _Kevin Nolan, Janie Miller 101 E. Main St. Urbana Il, 61801_

(E) On appeal _Arden J. Lang 400 S. 9th St. P.O. Box 5750 Springfield Il, 62705-5750_

(F) In any post-conviction proceeding _Larry R. Wells 5th Judicial Dist. 117 N. 10th St. Mt. Vernon Il, 62864_

(G) Other (state): _____

**PART V – FUTURE SENTENCE**

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (X)

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

    WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _11/8/07_
        (Date)

_____
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_Dwayne A. Dorsey_
(Signature of petitioner)

_K67896_
(I.D. Number)

_711 Kaskaskia St._
(Address)

7

Revised: 7/20/05

1          IN THE CIRCUIT COURT

2      FOR THE SIXTH JUDICIAL CIRCUIT

3      CHAMPAIGN COUNTY, URBANA, ILLINOIS

4  THE PEOPLE OF THE STATE OF          )
   ILLINOIS,                           )
5                                       )
                          Plaintiff,   )
6  vs.                                  )        No. 01-CF-2153
                                        )
7  DWAYNE DORSEY,                       )      **FILED**
                                        )      SIXTH JUDICIAL CIRCUIT
8                     Defendant.        )      JUL 1 5 2002
9                                              Linda S. Frank
                                               CLERK OF THE CIRCUIT COURT
                                               CHAMPAIGN COUNTY, ILLINOIS
10             TRANSCRIPT OF PROCEEDINGS

11         BE IT REMEMBERED and CERTIFIED that on, to wit:

12  the 8th day of April, 2002, the following proceedings were

13  held in the aforesaid cause before The Honorable

14  THOMAS J. DIFANIS, Circuit Judge.

15

16  APPEARANCES:
    MS. KELLY GRIFFITH          MS. JANIE MILLER
17  Assistant State's Attorney  Assistant Public Defender
    On behalf of the People     On behalf of the Defendant
18

19

20

21                              Proceedings reported and
                                transcribed by:  Amy Jennings,
22                              CSR, Official Court Reporter,
                                Sixth Judicial Circuit of
23                              Illinois
                                IL CSR No. 084-004135
24

◻ COPY

VOLUME

2 of 8

1    THE COURT:  All right.  This is 01-CF-2153, People

2    vs. Dorsey.

3    Mr. Dorsey, have a seat over here at counsel table.

4    The defendant is present with Ms. Miller.  Ms.

5    Griffith is here on behalf of the People.

6    This matter is set for a hearing.  The defendant

7    was found and adjudicated in the indirect criminal contempt

8    of Court.  There's been a motion filed for -- post-trial

9    motion filed on the 28th.

10    Ms. Miller, as to your post-trial motion.

11    MS. MILLER:  Your Honor, I just rest on the written

12    motion.

13    THE COURT:  All right.

14    THE DEFENDANT:  I object, your Honor.

15    THE COURT:  Mr. Dorsey, be quiet.

16    THE DEFENDANT:  Yes, sir.

17    THE COURT:  The Motion for a New Trial or in the

18    Alternative Acquittal indicates that the defendant was not

19    aware that he had a court order, that he thought it was a

20    suggestion.  Lieutenant Barrett testified specifically that

21    she informed the defendant on the order and the consequences

22    of violating the Court's order.  The defendant -- the

23    defendant's Motion for Acquittal or in the Alternative is

24    denied.

2

1          This matter is now called for sentencing.  I've

2    received and considered the report prepared by Court Services

3    filed April 1.

4          Ms. Griffith, do you have a copy?

5          MS. GRIFFITH:  I do, your Honor.

6          THE COURT:  Any corrections to which you are aware?

7          MS. GRIFFITH:  No, your Honor.

8          THE COURT:  Ms. Miller, do you have a copy?

9          MS. MILLER:  I do, your Honor.

10         THE COURT:  Any corrections to which you are aware?

11         MS. MILLER:  No, your Honor.

12         THE COURT:  Ms. Griffith, do you have any evidence

13   in aggravation?

14         MS. GRIFFITH:  No evidence, your Honor.

15         THE COURT:  Ms. Miller, evidence in mitigation?

16         MS. MILLER:  No.

17         THE COURT:  Ms. Griffith, your suggestions, please.

18         MS. GRIFFITH:  Your Honor, I believe that it's

19   clear now that the defendant is not going to cooperate in any

20   manner, in any way, shape or form with the Court's order.

21   It's also clear that he's not going to cooperate with Court

22   Services when they are trying to prepare a presentence

23   report.  For whatever reason, the defendant thinks that the

24   rules don't apply to him.  He thinks that he can blatantly

3

1    disregard Court orders.

2            I would suggest to the Court the defendant be

3    incarcerated for the maximum amount of time.  That, I

4    believe, that would be 180 days for his failure to comply

5    with the Court order and the finding that he's been found in

6    contempt.

7            I believe that what's contained in the presentence

8    report in terms of what the probation officer was able to

9    determine from computer records and other court documents are

10   correct, but obviously we would have a little bit better idea

11   at sentencing about the defendant and his circumstances and

12   situation had he cooperated with Court Services and actually

13   spoke with them.

14           But, in any event, the defendant has blatantly

15   disregarded the Court orders.  He's blatantly disregarded the

16   entire court system, and I believe that at this point in time

17   a period of incarceration is necessary and appropriate.

18           THE COURT:  Ms. Miller.

19           MS. MILLER:  Your Honor, we would ask that the

20   defendant be sentenced to time served.

21           THE COURT:  Now, Mr. Dorsey, this is your chance to

22   talk.

23           Is there anything you wish to say?

24           THE DEFENDANT:  Yes.  I requested for a speedy

4

1    trial January 30th.  The State failed to meet their

2    compliance.  March 30 was my 120 days.

3          I also feel I shouldn't be held in contempt of

4    court.  The law stipulates that if I'm found guilty of these

5    charges, then I can be -- if I'm held in contempt, then I can

6    sentenced up to six months added on to the charges if I'm

7    found guilty of this case, not during my incarceration.

8          The State failed to provide any evidence against

9    the defendant.

10          THE COURT:  Thank you.

11          THE DEFENDANT:  Can I say something else, your

12    Honor?

13          THE COURT:  Go ahead.

14          THE DEFENDANT:  Yes.  I requested my appointed

15    attorney to file a Motion to Squash (sic) the Warrant, Motion

16    to Dismiss the Case on the grounds of State's Attorney

17    doesn't provide any evidence that points to the defendant

18    throughout this whole case.  And I feel that I shouldn't have

19    to allow the State to -- well, I feel violate me in order to

20    meet their compliance, because the State -- the reason I'm

21    incarcerated is that they say I'm -- they have evidence that

22    points against this defendant, but the matter is that they

23    don't have any evidence and they are trying to find something

24    they can use against me.  So I don't see any reason why I

1    should comply with them during this court work.  And I feel

2    it's up to the laws.  The Courts can't force me to be

3    violated like that.

4          THE COURT:  Thank you, sir.

5          Well, the defendant's position is that the order

6    that was entered is a violation of certain rights that he has

7    and that it is unduly, I guess -- paraphrasing it -- unduly

8    invasive.  The rule -- Supreme Court Rules regarding

9    discovery state that the State can require defendants in

10   criminal cases to provide certain bodily fluid samples as

11   long as it's not done in an invasive procedure.

12         Now, the State has repeatedly asked for a penile

13   swab in this situation in this case, and that is unduly

14   invasive as far as this Court is concerned.  But, merely

15   providing a urine sample is not unduly invasive.  It is under

16   the rules of the Supreme Court.  It is discovery that the

17   State is entitled to, and the defendant has refused to

18   provide that discovery.  And he has his reasons for it, but,

19   nonetheless, he has refused, and he has been found guilty as

20   a result of his being in indirect criminal contempt of Court.

21         I've considered the presentence report and all of

22   the applicable considerations including the statutory factors

23   in aggravation and the statutory factors in mitigation.  The

24   bottom line is the defendant has willfully violated an order

6

1   of the Court, and, as a result, the sentence will be one of

2   incarceration in the Champaign County Correctional Center.

3   It will be for 180 days.  He will get credit for 46 days

4   heretofore served.  The sentence will run consecutively to

5   any sentence that may ultimately be imposed in 01-CF-2153.

6          Mr. Dorsey, you have the right to appeal the

7   judgment of conviction excluding the sentence.  In order to

8   do that, you must tell the Court that you want to appeal.

9   I'll direct the Circuit Clerk to prepare a Notice of Appeal

10  on your behalf.  I will appoint an attorney to represent you

11  on appeal free of charge if you can't afford one.  I'll also

12  provide you with a free transcript of everything that's

13  happened in court if you also can't afford one.  You only

14  have 30 days to get that Notice of Appeal on file or to tell

15  the Court that you want to file a Notice of Appeal.

16  Otherwise, you will lose forever your right to appeal the

17  judgment of conviction.

18          Now, prior to taking the appeal, if you wish to

19  challenge the correctness of the sentence or any aspect of

20  the sentencing hearing, you must file in this court within 30

21  days of today's date a written motion asking to have this

22  Court reconsider the sentence imposed or to consider any

23  challenges to the sentencing hearing.  You must set forth in

24  the motion all issues or claims of error regarding the

1    sentence imposed or the sentencing hearing.  Any issue or

2    claim of error regarding the sentence imposed or any aspect

3    of the sentencing hearing not raised in the written motion

4    shall be considered waived.

5         In order to preserve your right to appeal following

6    the hearing on your Motion to Reconsider the Sentence or any

7    challenges regarding the sentencing hearing, you must file a

8    Notice of Appeal in this Court within 30 days from the entry

9    of the order dealing with your Motion to Reconsider the

10    Sentence or the order dealing with any challenges to the

11    sentencing hearing.

12         Mr. Dorsey, the issues you've raised concerning

13    your rights to a speedy trial are something that will come up

14    in 01-CF-2153.  They are not applicable as far as this

15    hearing is concerned.

16         Show the defendant has been advised of his

17    appellate rights pursuant to Supreme Court Rule.  He is

18    remanded to the custody of the Sheriff to begin serving the

19    remainder of his sentence.

20         Ms. Griffith, do you wish him arraigned on the new

21    petition?

22         MS. GRIFFITH:  I do.  And I believe there are --

23    there should be in the court file new indictments that I

24    believe Ms. Miller needs to get a copy of.

8

1          Additionally, once he's arraigned on the second
2     petition for criminal contempt, we need to discuss a trial
3     setting.  It wasn't called on the last pretrial.
4          THE COURT:  All right.  Ms. Miller, here are
5     apparently some copies.
6          Has he been arraigned on those new counts?
7          MS. MILLER:  He has not.
8          MS. GRIFFITH:  He has not, your Honor.
9          THE COURT:  I beg your pardon?
10         MS. GRIFFITH:  He has not.
11         THE COURT:  And they are --
12         THE DEFENDANT:  Your Honor, these are yellow copies
13    of indictment papers.  These are not indictment papers, your
14    Honor.
15         THE COURT:  Well, Mr. Dorsey --
16         THE DEFENDANT:  I've seen --
17         THE COURT:  -- Mr. Dorsey, we'll take that up at
18    the right place and time.
19         THE DEFENDANT:  Yes, sir.
20         THE COURT:  All I'm going to do is tell you what
21    the new charges say.
22         All right.  Count four is predatory criminal sexual
23    assault of a child.  And it says that during the fall of 2001
24    the defendant, who was 17 years of age or older, committed an

9

1    act of sexual penetration with a named individual who was

2    under 13 years of age when the act was committed in that he

3    placed his penis in the vagina of that person.

4         Count five is the same charge.  It involves the

5    same time period.  It involves the same victim, except --

6    and it apparently alleges yet another act of penetration

7    during that time frame.

8         Count six is, again -- now, count six is aggravated

9    criminal sexual assault.  And this says that during the fall

10   of 2001 the defendant committed that offense, criminal sexual

11   assault, against a named individual, in that by the use of

12   force he placed his sex organ in the sex organ of that person

13   and in so doing caused bodily harm to that person; namely, a

14   sexually transmittable disease.

15        The offenses are Class X offenses.  They call for a

16   minimum sentence of 6 years with a maximum of 30 years.  If

17   we are dealing with separate acts of penetration, then, by

18   statute, the sentences must be served consecutively.  If the

19   defendant is sent to prison, there is a period of mandatory

20   supervised release of 3 years, with a fine of up to $25,000.

21        We'll show the defendant has been arraigned.

22   Obviously, a plea of not guilty to these charges.

23        Now, I also have a second petition for adjudication

24   of criminal contempt, and this is filed today.  And it

10

1   alleges that the defendant is charged with predatory criminal

2   sexual assault and aggravated criminal sexual assault.  It's

3   alleged that he caused bodily harm by sexually transmitting a

4   disease to the victim.  The State has requested an order from

5   the Court for the taking of urine samples from the defendant

6   on the 22nd of February.  That the Court order is still if

7   full force and effect.  As of February 22 and February 25 the

8   defendant willfully violated that court order.  On March 7 he

9   was found in contempt.  After he was found in contempt, he

10  was given an opportunity to give another urine sample.  He

11  refused to give that sample on the 7th of March after he was

12  advised the Court order was still in full force and effect.

13  And the State is asking that the defendant be found in

14  indirect criminal contempt of court.

15          Ms. Griffith, you are waiving sentence in excess of

16  180 days?

17          MS. GRIFFITH:  Yes, your Honor.

18          THE COURT:  All right.  We'll show the maximum

19  penalty would be 180 days incarceration in the Champaign

20  County Correctional Center.

21          This matter will be set for a trial.

22          Counsel, could we use the morning of Friday, May

23  17?

24          MS. GRIFFITH:  May 17th?

11

1          THE COURT:  That's the last day of the jury term.

2          MS. GRIFFITH:  That's fine with the State, your

3   Honor.

4          THE COURT:  Ms. Miller?

5          MS. MILLER:  That's fine, Judge.

6          THE COURT:  Cause will be set Friday, May 17,

7   10:30, Courtroom A for trial.

8          THE DEFENDANT:  Your Honor.

9          THE COURT:  Yes, sir.

10         THE DEFENDANT:  How can the State charge me more

11  than once for the same charge?  Isn't that ex post facto, if

12  that's the correct law term?

13         THE COURT:  Well, Mr. Dorsey, every time you refuse

14  to obey a court order, that's a separate offense.  I suppose

15  the State could have you do life in prison in the jail six

16  months at a time.

17         THE DEFENDANT:  Your Honor, if the State has

18  evidence against a defendant, then why do I need to provide

19  anything?

20         THE COURT:  Well, Mr. Dorsey, again, all I'm

21  dealing with is the petition for indirect criminal contempt.

22         THE DEFENDANT:  Your Honor, --

23         THE COURT:  Motions can be filed on the other

24  charge, and those would be dealt with accordingly.

12

1          All right.  We will be in recess.

2          MS. GRIFFITH:  Judge, we need to discuss trial

3    setting, Judge.

4          THE COURT:  All right.

5              WHICH WERE ALL THE PROCEEDINGS

6          MADE OF RECORD IN THIS CAUSE ON SAID DATE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

13

CERTIFICATE

I, Amy J. Jennings, Official Court Reporter in and for the County of Champaign and State of Illinois, do hereby certify the foregoing to be a true and accurate transcript of the proceedings had in the before-entitled cause on said date.

Dated this _____ day of _____, 2002.

AMY J. JENNINGS
Official Court Reporter
IL CSR No. 084-004135

14

1              IN THE CIRCUIT COURT

2         FOR THE SIXTH JUDICIAL CIRCUIT

3       CHAMPAIGN COUNTY, URBANA, ILLINOIS

4    THE PEOPLE OF THE STATE OF        )
     ILLINOIS,                         )
5                        Plaintiff,    )
     vs.                               )    No. 2001CF2153
6                                      )
     DWAYNE DORSEY,                    )    **FILED**
7                                      )    SIXTH JUDICIAL CIRCUIT
                        Defendant.  )       NOV 1 4 2005
8                                             Linda S. Frank
9         TRANSCRIPT OF PROCEEDINGS       CLERK OF THE CIRCUIT COURT
                                          CHAMPAIGN COUNTY, ILLINOIS

10        BE IT REMEMBERED and CERTIFIED that on, to

11   wit:  the 31st day of January, 2002, the following

12   proceedings were held in the aforesaid cause before The

13   Honorable JOHN G. TOWNSEND, Circuit Judge.

14   APPEARANCES:

15   KELLY GRIFFITH                 JANIE MILLER
     On behalf of Plaintiff        On behalf of Defendant
16

17

18

19

20

21                                 Proceedings reported and
                                   transcribed by:
22                                 Alan Richey, CSR,
                                   Official Court Reporter
23                                 Sixth Judicial Circuit of
                                   Illinois
24                                 IL CSR Number 084-003078

1

1          THE COURT:  Officer, do you have everybody

2   in the room for Group 4?

3          CORRECTIONS OFFICER:  Yes, your Honor.

4          THE COURT:  All right.

5          For those of you who are in the correctional

6   center, the purpose of this court proceeding here today

7   is to deal with cases which you have that are set for

8   trial in the upcoming trial term.

9          What I am going to do is call cases by

10  calling your name and case number.  As I do that step up

11  to the point in the floor indicated by the officer in

12  front of the camera.

13         All right.  To the gentlemen in the back row

14  who are interested in things other than the court

15  proceedings, if I see any more distraction in my court

16  proceeding, I will hold those who are interrupting the

17  court proceeding in contempt of court so I suggest that

18  you evidence attention to what is going on on the video

19  and the court proceeding unless you want to be held in

20  contempt of court.

21         As I was saying before interrupted by the

22  conduct of those in custody the purpose of the court

23  proceedings is to deal with trial settings that you have

24  that are set for the month of February.  I will call

( )                                    ( )

1    your name.  When I do that, step up in front of the

2    camera and say your name.  I will then listen to what

3    lawyers have to say about what they want to do with your

4    trial settings.

5              Now, the law generally requires that a

6    person who is held in custody be brought to trial within

7    120 days of the onset of custody.  There are some

8    exceptions to that rule.  One of the exceptions to the

9    rule is if a defendant makes a motion to continue.  If

10   that happens, then the defendant may be held in custody

11   for a time longer than the law might otherwise allow.

12   Another of the exceptions is if the State under a proper

13   showing makes a motion to continue generally for reasons

14   surrounding obtaining scientific lab testing results,

15   then the State might be entitled to a continuance beyond

16   120 days.

17             Now, without regard to whether you are at

18   the 120 day point in your case during this trial term

19   and, in fact, without regard to whether you are in

20   custody on this case that's set for trial or some other

21   case, since you are in the jail I am requiring the

22   lawyers to make any motions that have to do with your

23   custody in your presence so you know exactly what's

24   going on with your case.  The only purpose of the court

3

1    proceeding in which we are engaged now is the trial

2    settings for your cases.

3            As I call your name step up, please.

4            (Proceedings as to other defendants were

5    conducted and reported but not transcribed.)

6            THE COURT:  Dwayne Dorsey, 2153.

7            Ms. Griffith.  Ms. Miller.

8            Your name?

9            MR. DORSEY:  Dwayne Dorsey.

10           MS. MILLER:  Your Honor, this is my motion

11   to continue.  I don't believe Mr. Dorsey agrees with

12   that.  I believe the State's Attorney is trying to get

13   some medical evidence or medical records.  Also this is

14   a very serious case.  I haven't had adequate time to

15   prepare, and I don't believe I will be prepared this

16   term.

17           MS. GRIFFITH:  Judge, it would be a joint

18   motion.  I would note for the Court that he's been in by

19   my calculations 68 days.  We do need a date from your

20   Honor on a subpoena duces tecum for his medical records

21   which are relevant and necessary to prosecute this case.

22           THE COURT:  The lawyers seek a continuance

23   in your case.

24           Do you want me to grant the motion?

4

1          MR. DORSEY:  No, sir.  I request for a

2     speedy trial, sir.

3          THE COURT:  Where are you seeking to

4     subpoena records from?

5          MS. GRIFFITH:  Christie Clinic and the

6     Champaign-Urbana Public Health.

7          THE COURT:  So you believe you can get that

8     done in a matter of days?

9          MS. GRIFFITH:  I believe so, your Honor.

10         THE COURT:  All right.  We are setting a

11    time for a return on a subpoena duces tecum and will

12    also set scheduling on his trial Tuesday, February 5 at

13    9:00 in A.

14         MS. MILLER:  Your Honor, I have to be in

15    another courtroom at that same exact time and a

16    different one shortly thereafter.  Mr. Nolan says he can

17    cover that, Judge.  That will be fine.

18         THE COURT:  All right.  Your next court

19    setting, your motion hearings and your scheduling, is

20    Courtroom A, February 5, 9:00 a.m.

21         Follow the officer's directions.

22              WHICH WERE ALL THE PROCEEDINGS

23         MADE OF RECORD IN THIS CAUSE ON SAID DATE

24

1                          CERTIFICATE

2    I, Alan L. Richey, Official Court Reporter in and for

3    the County of Champaign and State of Illinois, do hereby

4    certify the foregoing to be a true and accurate

5    transcript of the proceedings had in the before-entitled

6    cause on said date.

7

8    Dated this __10th__ day of __November_____, 2005.

9

10

11

12                          _Alan L. Richey_____

13                          ALAN L. RICHEY
                            Official Court Reporter
14                          IL CSR No. 084-003078

15

16

17

18

19

20

21

22

23

24

FILED
SIXTH JUDICIAL CIRCUIT

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

NOV 1 7 2005

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

THE PEOPLE OF THE STATE )
    OF ILLINOIS, )
     )
Plaintiff, )
     )
vs. )    No.  01-CF-2153
     )
DWAYNE DORSEY, )
     )
Defendant. )


REPORT OF PROCEEDINGS of the Hearing in the

above-entitled cause on 5th day of February, 2002,

before THE HONORABLE J. G. TOWNSEND, Judge

presiding.

APPEARANCES:

        KELLY GRIFFITH
        Assistant State's Attorney
        appearing on behalf of the Plaintiff

        KEVIN NOLAN
        Assistant Public Defender
        appearing on behalf of the Defendant


        LAURA B. WORKMAN, RMR
        084-003237
        Certified Shorthand Reporter
        Champaign County Courthouse
        Urbana, Illinois  61801
        (217) 384-3701


COPY

February 5, 2002

THE COURT:  01-CF-2153, People versus Dwayne A. Dorsey.

The Defendant Dorsey is here personally.  His lawyer, Mr. Nolan, is here.  The state is here with Ms. Griffith.

Your name is Dwayne Dorsey; is that right, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Dorsey, as of today, count three of an information is on file.  Your lawyer has a copy of it there in front of you. Count three of the information filed today alleges that during March or April of 2001 in Champaign County, Illinois, you committed the offense of aggravated criminal sexual assault, a Class X felony, in that you committed criminal sexual assault in violation of 720 of the Illinois Compiled Statutes 5/12-13(a)2 against Emanuelle McFall-Miles in that by the use of force it is alleged you placed your sex organ in the sex organ of that person, and in doing so caused bodily harm to Emanuelle McFall-Miles, namely a sexually transmissible disease.  That's a Class X felony.

2

What do you urge the defendant's sentencing circumstances to be here, Ms. Griffith?

MS. GRIFFITH.  I believe it would be the normal range of Class X sentencing, 6 to 30 years.

THE COURT:  Is that your belief as well, Mr. Nolan?

MR. NOLAN:  At this point, yes, Judge.

THE COURT:  Mr. Dorsey, if convicted of this crime, the law requires that you be sentenced to a term in prison.  If convicted of this crime, you would be sentenced to prison for a definite period of time.  The period of time could not be less than 6 years, it could not be more than 30 years.  Any term in prison would be followed by a period of mandatory supervised release of at least three years.

You could be fined a sum of money not to exceed $25,000.

Do you understand what you are charged with doing here in count three, Mr. Dorsey, and what the possible penalties are which are provided by law?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Nolan, how would you

3

and your client like to proceed?

MR. NOLAN:  Your Honor, since this is a new information filed, it is my understanding that there either needs to be a preliminary hearing or an indictment or a waiver.  Not to be an obstructionist, but I think at this point it is appropriate for my client to ask for a preliminary hearing on this charge.

THE COURT:  We'll show the defendant requests a preliminary hearing on this matter.

And when would it make sense for me to set that in the grand scheme of things, Ms. Griffith?

MS. GRIFFITH:  The grand jury meets this Thursday, so we normally have return indictments in arraignment court next Tuesday at 3:15.

I don't know if the court wishes to address the trial setting today or at tomorrow's hearing, but I just received a stack of discovery, and given that this is going to have to go to the grand jury, I don't believe we will be ready for trial in February.

THE COURT:  What day does it appear on the trial list, please?

4

MS. GRIFFITH:   I didn't think it
appeared on the trial list.  I thought it was set
for today for this issue of subpoena duces tecum.

THE COURT:   You are absolutely
correct.  I have that.  That's my recollection as
well.

I'm just going to show it for next Tuesday at
3:15 for preliminary hearing, and other matters with
respect to scheduling and the like we can either
take up tomorrow or take it up Tuesday at 3:15.

MR. NOLAN:   Your Honor, I'm sorry.
Did we say Tuesday?  My understanding is that's a
court holiday.

MS. GRIFFITH:   They must have the
return indictments then on Wednesday.

THE COURT:   13th at 3:15.  That's
Wednesday the 13th.

Thank you, Mr. Nolan.

THE DEFENDANT:   No, Your Honor.

Your Honor, may I address the court, sir?

THE COURT:   You need to speak through
your lawyer.

THE DEFENDANT:   That's what I'm
confused about because I had a different attorney.

5

THE COURT:  I beg your pardon?

THE DEFENDANT:  I had a different attorney from the last time I was in court.  I had Ms. Miller.

THE COURT:  The public defender's office has a number of attorneys.  And the fact that Mr. Nolan is here appearing for this proceeding or Ms. Miller appeared at some other one is something that you -- I don't know which of them is assigned your case to ultimately try the case or if they've decided that.  You just need to talk to Mr. Nolan about these matters.

So we'll set Mr. Dorsey then for preliminary hearing Wednesday the 13th at 3:15 in F.

Now also today in this case there is a returnable subpoena duces tecum.  I have a motion to quash the subpoena duces tecum from the Champaign-Urbana Public Health District.  I set that for hearing tomorrow at 4 in Courtroom B.  The hearing on the motion to quash is set tomorrow at 4 P.M., Courtroom B.

Again, Ms. Griffith and Mr. Nolan are here, and the court's clerk is to notify the Public Health District lawyer, Mr. Grosser, of this hearing before

6

tomorrow.

There was -- there were other subpoena duces tecum returnable today; is that true?

MS. GRIFFITH:  That's true, Your Honor.  It is for Christie Clinic.  I would ask that --

THE COURT:  Is there somebody from Christie Clinic here?

You have documents, ma'am?

MS. CEKANDER:  Yes, I do.

THE COURT:  Okay.  If you would step right up here, please.  And, for the record, you will just say your name so the court reporter can understand it, please.

MS. CEKANDER:  Debbie Cekander.

THE COURT:  And the documents you brought, ma'am, are the documents which Christie Clinic has produced pursuant to the subpoena duces tecum that was served on them; is that true?

MS. CEKANDER:  That's correct.

THE COURT:  We'll show those documents returned into open court and the subpoenaed respondent is discharged.

Thank you.

7

Now with respect to the documents provided,

how would you like to proceed, counsel?

MS. GRIFFITH:  Judge, I would ask that

those be sealed and remain in the court file until

tomorrow's hearing.

MR. NOLAN:  I concur, Judge.

THE COURT.  Okay.  The records then

are ordered sealed and placed in the court file

pending further order.

Thank you.

(Whereupon the hearing was adjourned.)

8

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY,  ILLINOIS

I, LAURA B. WORKMAN, a Certified Shorthand

Reporter, do hereby certify that I reported the

Report of Proceedings had in the above-entitled

cause; that I thereafter caused the foregoing to be

transcribed into typewriting, which I hereby certify

to be a true and accurate transcript of the Report

of Proceedings.

DATED THIS 7TH OF NOVEMBER, 2005.

LAURA B. WORKMAN, RMR
084-003237
CERTIFIED SHORTHAND REPORTER

9

Trial Exhibit pg 185
April 18, 2002

Appointed Counsel violated defendant

Rights asking about prior Conviction on

the Stand at Trial.

Q.  You have also been ordered to give a urine

sample?

A.  Yes, I have.

Q.  And you have refused to do so?

A.  Yes, I have.

Q.  Can you tell us why you refused?

A.  Well, like to characterize myself as a -- see if

I'm using the right term -- a very conscientious person, if

that's the right word.  I'm paranoid to where a lot of

things happen in my lifetime to where I don't trust anybody.

Learn not to trust people.  I learn to not trust people

firsthand.  Learn to build and -- like society teaches you,

okay, trust people, then I feel like in the long run you end

up getting hurt.  So I have experienced that with

relationship with family members, law officers, hire

attorneys, and I learn from that.  So that's basically my

guard is up.  And it is like a state attorneys, you know, in

this case want me to present something to them so I'm --

from the same people that's working on the same side.  I'm

very conscious.  I'm very -- my guard is up.  I don't trust,

you know.  So --

Q.  What do -- sorry to interrupt you.  What did you

think would happen to the urine sample if you were to

provide it?

184

A.   Well, I felt to be railroaded, scapegoated

basically.  Problem -- the way I can get it done comfortable

to know where it's done, it is not done by someone that is

on the same side.  State's attorney.  Law officer.  All that

working for the DA.  Like the nurse that works at the

satellite.  They're working for the, the state's -- they are

on the same side.  I'm just very paranoid of that.  If there

is a way that can make it to where I feel comfortable in

doing it, and knowing the person, trusting them, I have no

problem proving my innocence that I have no type of STD,

whatever.

Q.   Mr. Dorsey, do you feel like you've been falsely

accused in this case?

A.   Yes, I have.

MS. MILLER:  One second, please.

BY MS. MILLER:  Mr. Dorsey, there is one thing

that I do need to ask you about.  In 1997 you were convicted

for aggravated battery; is that correct?

A.   Yes, ma'am.

MS. MILLER:  No further questions.

THE COURT:  Ms. Griffith, cross examination?

MS. GRIFFITH:  Thank you, Your Honor.

CROSS EXAMINATION:

BY MS. GRIFFITH

185

1        IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

2              CHAMPAIGN COUNTY, ILLINOIS

3
    THE PEOPLE OF THE      )
4   STATE OF ILLINOIS     )
                     )
5      vs            )   2001-CF-2153
                     )
6   DWAYNE A. DORSEY      )
                     )
7      Defendant    )

8     Report of Proceedings of the Bench Trial held in the

9  above-entitled cause on the 7th day of March, 2002, before

10  the Honorable Thomas J. Difanis, Judge Presiding.

11                  APPEARANCES:

12  MS. KELLY GRIFFITH          MR. KEVIN NOLAN &
    Assistant State's Attorney     MS. JANIE MILLER
13  Appearing on behalf         Assistant Public Defenders
    of the People             Appearing on behalf
14                        of the Defendant

15

16  Teresa R. Valdez
    Official Court Reporter
17  Champaign County Courthouse
    Urbana, Illinois  61801
18     Certificate Number
        84-1358
19

20

21

22

23

24

**FILED**

SIXTH JUDICIAL CIRCUIT

JUL 0 9 2002

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**COPY**

VOLUME

1 of 8

1

1   THE COURT:  This is 01-CF-2153, People vs Dorsey.  The

2   defendant is present with Mr. Nolan and Ms. Miller.  Ms.

3   Griffith is here on behalf of the People.  This matter is set

4   today for a trial on the State's petition asking this defendant

5   to be found in the indirect criminal contempt of court.  Ms.

6   Griffith, are you ready for trial?

7   MS. GRIFFITH:   Judge, do we want to take up the fitness

8   issue first?  There has been that finding by Dr. Jeckel.

9   THE COURT:  Well, technically, I suppose, the question

10  would be is he fit to stand trial, either on the charge, or on

11  the petition for indirect criminal contempt. That's probably a

12  good point.  Ms. Griffith, I also have a report prepared by Dr.

13  Jeckel dated March 5 of 2002.  Ms. Griffith, do you have a copy

14  of that report?

15  MS. GRIFFITH:   I do, Your Honor.

16  THE COURT:  Ms. Miller, do you have a copy of the report?

17  MS. MILLER:   I do.

18  THE COURT:  Ms. Miller, as to the issue of fitness, there

19  are a number of options available to make that determination.

20  It could be done in a bench proceeding.  It could be done by a

21  trial.  How do you wish to handle this?

22  MS. MILLER:   Your Honor, we are prepared to stipulate to

23  Dr. Jeckel's report that he has found Mr. Dorsey fit to stand

24  trial.

2

1    THE COURT:  Ms. Griffith, are you prepared to stipulate

2  also?

3    MS. GRIFFITH:  Yes, Your Honor.

4    THE COURT:  All right.  We will show the parties

5  stipulate that, were Dr. Jeckel called, he would testify as set

6  forth in his report dated March 5, 2002.  Therefore, the Court

7  finds that the defendant is fit to stand trial in this matter.

8  Ms. Griffith, ready for trial on the petition?

9    MS. GRIFFITH:   I am, Your Honor.  I do need to make an

10  amendment to the petition.

11    THE COURT:  All right.

12    MS. GRIFFITH:  We have alleged in paragraph five, two

13  incidents where he willfully violated the court order.  In

14  regards to the February 22nd, 2002, the witness for that is

15  Officer Glass.  He is not available, because he just had his

16  wisdom teeth taken out.  We would be asking to proceed only on a

17  February 25th, 2002, violation.

18    THE COURT:  All right. Ms. Miller, ready for trial?

19    MS. MILLER:  Yes, Your Honor.

20    THE COURT:  All right.  Ms. Griffith, call your first

21  witness.

22    MS. GRIFFITH:    Judge, before I call my first witness,

23  I would ask the Court to take judicial notice of the court file

24  2001-CF-2153, and specifically, the order that it entered on

3

1    February 22nd, 2002, ordering the defendant to submit to taking

2    of urine samples.

3         THE COURT:  All right.  The Court will take judicial

4    notice of 01-CF-2153, and all of the orders therein.

5                              VEDA BARRETT,

6    Called as a witness in behalf of the People and, having been

7    duly sworn under oath, testified as follows in answer to

8    DIRECT EXAMINATION BY MS. GRIFFITH:

9         Q    Please tell us your name?

10        A    Veda Barrett.

11        Q    Can you spell your last name, please?

12        A    B-A-R-R-E-T-T.

13        Q    Where are you employed?

14        A    Champaign County Correctional Center.

15        Q    In what capacity?

16        A    I am a lieutenant for the jail on day shift.

17        Q    What are your duties as a lieutenant at the jail?

18        A    I supervise my correctional staff and responsible

19    for the daily operations to both of the jails.

20        Q    Did it come to your attention on February 22nd,

21    that there was a court order regarding a Dwayne Dorsey?

22        A    Yes, it did.

23        Q    How did that come to your attention?

24        A    Officer Glass was at the downtown jail and he

4

1    called me at the satellite jail and told me that we had gotten

2    such an order.

3         Q    Did you actually have an opportunity to see that

4    order?

5         A    Not at that particular time, no.

6         Q    Did you later have an opportunity to look at that

7    order?

8         A    Yes, I did.

9         Q    And, when was that?

10        A    I think I actually saw the order on Monday, the

11   following Monday.

12        Q    Would that be February 25th?

13        A    Yes.

14        Q    In regards to what you learned on the 22nd of

15   February, did it come to your attention that you needed to be

16   personally involved with this situation on Monday, February

17   25th?

18        A    Yes, simply because of what Officer Glass had told

19   me on the phone.

20        Q    Did you have an opportunity to meet with a person

21   by the name of Dwayne Dorsey?

22        A    Yes, I did.

23        Q    When and where?

24        A    Monday, February 25th, and it was around 1:30 in

5

1    the afternoon.  He was housed in B pod at the satellite jail.

2    He was in his cell and I went in.  I had Judge Difanis' court

3    order in my hand.  Told Mr. Dorsey that I needed to get a urine

4    sample from him.  To come with me to go see the nurse and he

5    said he wasn't going to do it, and I said if you don't do it,

6    you could be held in contempt.  I said he needed to get this

7    done, and he said it was a conspiracy and he shouldn't be here,

8    and I exited.

9        Q    Did he say anything to you about the contempt, when

10   you mentioned to him that he could be found in contempt?

11       A    He said go ahead and hold me in contempt.

12       Q    The person that you have been talking about you had

13   this conversation with, do you see that person in the courtroom

14   today?

15       A    Yes, I do.

16       Q    Can you, please, point that person out and describe

17   something he or she is wearing?

18       A    He has got the black and white jail uniform on.

19       MS. GRIFFITH:   May the record reflect the in-court

20   identification of the defendant by this witness?

21       THE COURT:  It will.

22   BY MS. GRIFFITH:

23       Q    What was his attitude and demeanor when you were

24   talking to him on February 25th, 2002?

6

1       A       It appeared to me that he was very angry and I felt

2   that me talking to him at that point, I was not going to get

3   anywhere, because he just was not in the state of mind to

4   willingly listen to me describe what could happen if he did not

5   do this.  I said what I had to say and I could tell he didn't

6   want to hear it.  He was angry.

7       Q       Is it your understanding this was the first time

8   this type of request was made?

9       A       Well, I am not real clear about that.  When Glass

10  called me on that previous Friday, he had said that the jail

11  nurse--

12      MS. MILLER:   Objection, hearsay.

13      A       I am sorry?

14      THE COURT:  I am going to sustain the objection.

15  BY MS. GRIFFITH:

16      Q       Let me rephrase my question or redirect your

17  attention.  You learned about a court order from Judge Difanis

18  or that had been signed by Judge Difanis on Friday, February

19  22nd?

20      A       That is correct.

21      Q       Your first personal involvement in dealing with the

22  defendant was February 25th?

23      A       That is correct.

24      Q       Without going into what other other people said or

1  conversations, were you aware of any urine sample that had been

2  collected prior to you becoming involved on February 25th?

3      A    No.

4      MS. GRIFFITH:    I have no other questions.

5      THE COURT: Ms. Miller?

6      MS. MILLER:   No questions.

7      THE COURT:  Thank you, lieutenant.  You may step down.

8  Call your next witness.

9      MS. GRIFFITH:   Your Honor, I have no other witnesses,

10  and I would ask that Lieutenant Barrett be excused from her

11  subpoena.

12      THE COURT:  All right.  That's fine.  All right.  We will

13  show the People rest.  Ms. Miller.

14      MS. MILLER:   Your Honor, I would call Dwayne Dorsey.

15      THE COURT:  Mr. Dorsey, you can sit there.  Ms. Miller,

16  if you could possibly move over a little bit, so when you

17  question him, he can keep his voice up.  So, the court reporter

18  can hear you.  Mr. Dorsey, do you solemnly swear the testimony

19  you are about to give in this cause will be the truth, the whole

20  truth, and nothing but the truth?

21      MR. DORSEY:   I affirm, Your Honor.

22      THE COURT:  All right.  Go ahead.

23      MR. DORSEY:   I said I don't swear, Your Honor.

24      THE COURT:  You don't?

8

1      MR. DORSEY:   Yes, sir.

2      THE COURT:  You affirm?

3      MR. DORSEY:   Yes, sir.

4      THE COURT:  All right.  That's fine.

5                          DWAYNE DORSEY,

6  Called as a witness in his own behalf and, having been duly

7  sworn under oath, testified as follows in answer to

8  DIRECT EXAMINATION BY MS. MILLER:

9      Q    Will you state your name for the record, please?

10      A    Dwayne Dorsey.

11      Q    And, Mr. Dorsey, do you remember Judge Difanis

12  ordering you to provide a urine sample?

13      A    I remember you and my other attorney getting me a

14  paperwork.  Telling me I needed to fill out the paperwork.

15  Telling me I need to.  If I don't, I will be in big trouble.

16      Q    Mr. Dorsey, have you seen this particular document?

17      A    I got that document when I received the rest of my

18  paperwork from you.

19      THE COURT:  Don't we need to have that marked or

20  something?

21      MS. MILLER:   Your Honor, this would be Defendant's

22  Exhibit #1. It is the court order signed by you on February

23  22nd, ordering the defendant to permit the taking of a urine

24  sample.

9

1        THE COURT:  All right.

2    BY MS. MILLER:

3        Q     Mr. Dorsey, have you seen this document before?

4        A     When I got my second motion of discovery, yes.

5        Q     So, you have received this?

6        A     Yes.

7        Q     And, do you understand this to mean the judge is

8    ordering you to give a urine sample?

9        A     At first, I understand that my attorneys was

10   ordering me.  When they issued the paperwork, they told me I

11   needed--they sent it over to the county satellite, and they told

12   me I needed to get a urine sample.

13       Q     Have you been told that Judge Difanis ordered you

14   to give a urine sample?

15       A     I guess he suggested it.  I didn't think he ordered

16   it, because the first paper I got was from my attorneys.  They

17   handed it to me and told me that I needed to, or if I didn't, I

18   would be in big trouble.

19       Q     Mr. Dorsey, why will you not provide a urine

20   sample, as you have been court ordered?

21       A     For one, like I state from the beginning of this

22   trial, I am innocent, and how can a urine sample determine if I

23   did or did not commit the act.  If I am incarcerated, that mean

24   that the State should already have evidence.  So, why should I

10

1    provide something that the State was trying to use to set me up

2    or use against me.

3         MS. MILLER:    Your Honor, I have no further questions.

4    Thank you.

5         MR. DORSEY:    I object, Your Honor.

6         THE COURT:  Mr. Dorsey.

7         MR. DORSEY:    Yes, sir.

8         THE COURT:    Please, let's keep this one issue at a time.

9    The only issue we are dealing with at this point is the order

10   that the Court has entered in this case.  Ms. Griffith, do you

11   have any questions of Mr. Dorsey?

12        MS. GRIFFITH:    Briefly.

13   <u>CROSS EXAMINATION BY MS. GRIFFITH:</u>

14        Q    Mr. Dorsey, do you recall being in this courtroom

15   on February 26th?

16        A    February 26th?

17        Q    When you were arraigned on this petition for

18   criminal contempt?

19        A    Yes, ma'am.

20        Q    Do you recall at the end of that hearing, I

21   specifically asked Judge Difanis if this was his court order

22   that you submit to urine testing?

23        A    I remember you suggesting that it could be--it can

24   be possibly--that it could be done.

1      Q    Do you recall that Judge Difanis used the word,

2  suggest that you should get this done?

3      A    It wasn't a direct court order, because first, it

4  was like from my attorneys, they was trying to trick me into

5  getting it, and then, it was--I don't know how to put it in

6  words, but I didn't get the order from the judge.  I got it from

7  my attorneys.  They told me I needed--I better get it or else I

8  will be in big trouble, and then I was--

9      MS. GRIFFITH:    No further questions, Your Honor.

10      THE COURT:  All right.  Ms. Miller, do you have any other

11  witnesses?

12      MS. MILLER:    No, Your Honor.

13      THE COURT:  Well, the evidence is rather straightforward.

14  The request was made by the State to have the defendant submit,

15  at first, blood, and then the request was made for urine

16  samples.  There was an objection by Mr. Dorsey's lawyer, as to

17  both, but specifically as to the request for urine samples, Mr.

18  Dorsey's lawyer's objection was overruled, and the Court entered

19  the order on the 22nd of February, ordering this defendant to

20  provide urine samples.  The testimony from Lieutenant Barrett is

21  that she met with the defendant on the 25th of February.  Had

22  the court order.  Explained it to Mr. Dorsey.  Told him what he

23  had to do, and that if he didn't do it, he would be found in

24  contempt.  Mr. Dorsey refused to accompany her to the nurses

12

1  office in order to provide a urine sample.  Mr. Dorsey's

2  position is that this is either irregular, illegal, or there is

3  some other technical problem with the court's order, and that

4  there is some form of a conspiracy involving the State and other

5  people, but the testimony is pretty straightforward.  Lieutenant

6  Barrett said I had the order, I read it to him, told him what he

7  had to do, and he refused, and she left it at that, because Mr.

8  Dorsey was not--he was angry.  He was agitated, and to her

9  credit, she didn't wish to press the issue.  Based upon all

10  that's been presented, the Court finds that the State has proven

11  beyond a reasonable doubt that the defendant violated the

12  Court's order dated February 22nd, 2002, that required Mr.

13  Dorsey to provide urine samples.  Ms. Miller, do you wish this

14  matter set for a sentencing hearing?

15        MS. MILLER:   Yes, Your Honor.

16        THE COURT:  All right.

17        MR. DORSEY:    Your Honor, am I allowed to say anything,

18  Your Honor?

19        THE COURT:  Mr. Dorsey, at the sentencing hearing, I will

20  give you an opportunity to address the Court and say whatever

21  you want.  Counsel, I am going to, since this is an unusual

22  situation, I am going to ask the parties to--let's scratch that.

23  Ms. Miller, I will give you time to file any post-trial motions

24  that you want.  Let's set this for sentencing to Thursday, March

1    28, back in this courtroom, at--

2         MS. MILLER:   Judge.

3         THE COURT:  Yes.

4         MS. MILLER:   Would it be possible to have it either--I

5    am going to be gone out of the country March 20th through the

6    30th.   I would like to be--

7         THE COURT:  Do you want it after the 30th?

8         MS. MILLER:    If that's possible.

9         THE COURT:  That's fine.   That's fine.   Could we use

10   Monday, April 8th, at 9:30?

11        MS. GRIFFITH:   That's fine for the State, Your Honor.

12        THE COURT:  All right.  Cause set for sentencing on the

13   verdict of guilty of indirect criminal contempt to Monday, April

14   8th, back in this courtroom, at 9:30.   I am going to direct

15   Court Services to prepare a report, and that report will provide

16   the Court, hopefully, with sufficient information concerning Mr.

17   Dorsey's background, to sentence him accordingly.   All right.

18   We will be in recess in this matter.

19        MS. GRIFFITH:   Judge, I actually have one more matter.

20        THE COURT:  Yes.

21        MS. GRIFFITH:   I have provided counsel with a motion

22   that I have filed today.  This currently does not have a setting

23   on any pre-trial, given the fitness status, and also that, we

24   sent this back to Grand Jury this morning.   It's my

14

1   understanding he has been indicted on three new counts, which

2   corrected the date.  I don't have those with me, because the

3   Grand Jury isn't back yet.  I would be asking that this be set

4   for the March 27th pre-trial.  If the Court needs any additional

5   information as to why I am making that request, I can speak to

6   the motion.

7           THE COURT:  Is this a motion to continue?

8           MS. GRIFFITH:  It's a motion pursuant to the additional

9   60 days, in addition to the 120.

10          THE COURT:  All right.  Ms. Miller.

11          MS. MILLER:    Your Honor, I have no objection.

12          THE COURT:  All right.  We will show in 01-CF-2153,

13  motion filed today, which is the State requesting an additional

14  60 days to be added to the 120 days necessary to try the

15  defendant when he is in custody. This is based upon 725 I.L.C.S.

16  5/103-5 Subsection C.   This is a verified motion.   That motion

17  is allowed.   We will be in recess.

18

19

20

21

22

23

24

1
2           IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
3                   CHAMPAIGN COUNTY, ILLINOIS
4           I, Teresa R. Valdez, an Official Court Reporter of the
5   Sixth Judicial Circuit, Champaign County, Illinois, do hereby
6   certify that I reported the proceedings had in the above-
7   entitled cause; that I thereafter caused the foregoing to be
8   transcribed, which I hereby certify to be true and accurate.
9           Dated this 8th day of July, 2002.
10
11          _____
                Teresa Valdez, CSR
12              Official Court Reporter
13
14
15
16
17
18
19
20
21
22
23
24

PRESENCE REPORT
Dwayne A. Dorsey
2000-CF-1282

## 9. HEALTH (Cont'd.)

DRUGS:

PRESENT USE: Unknown.

PAST USE:   Unknown.

TREATMENT: Unknown.

PRESENT OFFENSE DRUG RELATED:   No.

COMMENTS:   The presentence report filed on August 19, 1998 stated the following regarding his substance use; "The defendant admitted to the past daily use of cannabis in the past and the experimental use of cannabis as late as 1997. The defendant also reported the use of cocaine in combination with cannabis which he called "Spice." That use was reported as prior to his arrest in the matter before the Court. As noted by the defendant, he has not received any prior drug or alcohol related treatment services."

## 10. VICTIM IMPACT

NAME OF VICTIM:   State of Illinois

## 11. ADDITIONAL INFORMATION

SUITABILITY OR SUPPLEMENTAL REPORTS AS ORDERED BY THE COURT:
There were no suitability or supplemental reports ordered.

## 12. ANALYSIS

The defendant, Dwayne Dorsey, a 34 year-old male, appears before this Court to be sentenced for Indirect Criminal Contempt. On March 7, 2002, the Court found Mr. Dorsey guilty of Indirect Criminal Contempt for failing to cooperate with Court orders in the aggravated criminal sexual assault investigation. Mr. Dorsey presents a prior criminal history that consists of convictions for six traffic offenses and one felony offense for Aggravated Battery.

This officer called over to the Satellite Jail on March 20, 2002 and requested that Mr. Dorsey be provided with a social history form to fill out for our interview scheduled for March 21, 2002. When I arrived at the jail on March 21st, the jail employee at the front counter informed me that Mr. Dorsey refused to fill out the social history form. I then went into room C1 to meet with the defendant. I explained to him who I was and why I was there. I then explained to him that he needed to answer my questions since he refused to fill out the social history form. He then said, "that is what you think but I will not." I then told him that it would be in his best interest to comply. He then responded by saying, "If I comply with you then that is the systems way of getting me to say I am guilty." I explained to him that is not the case. He then said, "my attorney and everyone is just trying to railroad me. Sorry for wasting your time but I will not answer anything."

Due to Mr. Dorsey failing to comply with this officer, all information provided in this report was obtained from Champaign County Court records, Illinois Secretary of State, LEADS, Champaign County Probation records, and Champaign County Correctional Center records.

C000071

PRESENTENCE REPORT
Dwayne A. Dorsey
2000-CF-2153

## 12. ANALYSIS

The defendant, Dwayne Dorsey, a 34 year-old male, appears before this Court to be sentenced for Predatory Criminal Sexual Assault of a Child, Predatory Criminal Sexual Assault of a Child on Another Occasion, and Aggravated Criminal Sexual Assault after being found guilty of these three counts by a jury. Mr. Dorsey presents a prior criminal history that consists of convictions for six traffic offenses and one felony offense for Aggravated Battery. On March 7, 2002, the Court found Mr. Dorsey guilty of Indirect Criminal Contempt for failing to cooperate with Court orders in the aggravated criminal sexual assault investigation and he was sentenced to 180 days in the Champaign County Correctional Center with credit for 46 days on April 8, 2002.

This officer called over to the Satellite Jail on May 8, 2002 and requested that Mr. Dorsey be provided with a social history form to fill out for our interview scheduled for March 8, 2002. When I arrived at the jail, the jail employee at the front counter informed me that Mr. Dorsey refused to fill out the social history form. She asked if I wanted to still see him. I told her that I needed to at least attempt to get him to answer my questions before I can leave. I then went into the visitation area to meet with the defendant. Mr. Dorsey remembered who I was from the last time I attempted to interview him for the presentence report that was ordered for the Indirect Criminal Contempt charges. I asked him if he will be answering my questions today and he responded, "If I fill out the social history form or answer your questions, I would be admitting I was guilty." This is the second time the Court has ordered a presentence report on Mr. Dorsey and this is the second time he has failed to cooperate.

Due to Mr. Dorsey failing to comply with this officer, all information provided in this report was obtained from Champaign County Court records, Illinois Secretary of State, LEADS, Champaign County Probation records, and Champaign County Correctional Center records.

## 13. SPECIAL CONDITIONS FOR A COMMUNITY BASED SENTENCE WHICH WOULD ENHANCE REHABILITATION

As the defendant is non-probationable under Chapter 730 ILCS 5/5-5-(3)(2)(C), no special conditions for a community-based sentence have been included in this report.

Respectfully submitted,

Karmen Roehrs

Karmen Roehrs
Probation Officer

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

CHAMPAIGN COUNTY, ILLINOIS

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | |
| vs | ) ) | 2001-CF-2153 |
| DWAYNE DORSEY | ) ) | |
| Defendant | ) ) | |

**FILED**
SIXTH JUDICIAL CIRCUIT

JAN 3 1 2006

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY ILLINOIS

Report of Proceedings of the Hearing held in the above-entitled cause on the 17th day of May, 2002, before the Honorable Thomas J. Difanis, Judge Presiding.

<u>APPEARANCES</u>

MS. KELLY GRIFFITH
Assistant State's Attorney
Appearing on behalf
of the People

MS. JANIE MILLER
Assistant Public Defender
Appearing on behalf
of the Defendant

Teresa R. Valdez
Official Court Reporter
Sixth Judicial Circuit
Urbana, Illinois
  Certificate Number
    84-1358



1       THE COURT:    This is 2001-CF-2153, People vs Dorsey.    The defendant is present with

2    Ms. Miller. Ms. Griffith is here. Counsel, the Circuit Clerk's Office has been unable to locate

3    this file. I did not have the file to work from. Was it your intention to have a hearing this morning,

4    Ms. Griffith?

5       MS. GRIFFITH:   It was, Your Honor.

6       THE COURT:    I called the Circuit Clerk's Office twenty minutes ago and they were still

7    looking for the file. When is the matter set for sentencing?

8       MS. MILLER: Next Thursday.

9       THE COURT:    Thursday, the 23rd?

10      MS. GRIFFITH:    Yes.

11      THE COURT:    On the off chance that they find the file, could we have the hearing on that

12   date?  This is for a hearing on the petition for criminal contempt, is that correct?

13      MS. GRIFFITH:   This is on the supplemental petition filed April 8th, and that's fine with the State.

14      THE COURT:    Ms. Miller, any problem with that?

15      MS. MILLER:  No, Your Honor.

16      THE COURT:    All right. We will show by agreement and at the suggestion of the Court,

17   this matter is continued to Thursday, May 23, this courtroom, at 1:30. The defendant is remanded

18   to the custody of the sheriff. We will be in recess.

19

20

21

22

23

24

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

CHAMPAIGN COUNTY, ILLINOIS

I, TERESA R. VALDEZ, an Official Court Reporter of the Sixth Judicial Circuit,

Champaign County, Illinois, do hereby certify that I reported the proceedings had in the above-

entitled cause; that I thereafter caused the foregoing to be transcribed, which I hereby certify to

be true and accurate.

Dated this 23rd day of January, 2006.


Teresa Valdez
Official Court Reporter

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT

CHAMPAIGN COUNTY, ILLINOIS

---

THE PEOPLE OF THE STATE OF ILLINOIS,  )
                                )
               Plaintiff,   )
                                )
            v.            )   No. 01-CF-2153
                                )
DWAYNE A. DORSEY,            )
                                )
              Defendant.   )

---

     REPORT OF PROCEEDINGS of the Post-Trial Motion and

Sentencing Hearing had in the above-entitled cause on

May 23, 2002, before the HONORABLE THOMAS J. DIFANIS,

Judge Presiding.


APPEARANCES:

    MS. KELLY GRIFFITH
    Assistant State's Attorney
    for the People

    MR. KEVIN NOLAN and MS. JANIE MILLER
    Assistant Public Defenders
    for the Defendant

**FILED**
SIXTH JUDICIAL CIRCUIT

JUL 0 9 2002

Linda S. Franks
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

---

          Melissa Clagg, RDR
          License No. 84-2876
         Official Court Reporter
      Champaign County Courthouse
         Urbana, Illinois  61801

COPY

<u>MAY 23, 2002</u>

THE COURT:  This is 01-CF-2153.  The Defendant is present personally with Mr. Nolan and Ms. Miller. Ms. Griffith is here on behalf of the People.

This matter is set today for a hearing on the Defendant's post-trial motion filed May 10, 2002.

Counsel, the Circuit Clerk's office has lost this file.  So, I have been working from the printed -- printout docket sheets and some of the filings as have been made since the middle of April.

So, at some point in time, I may be asking you some questions that you might think odd, but it's because we don't have the court file.

And as to that issue before I forget, as counsel is aware, back on the 8th of April, the Defendant was sentenced to a period of 180 days incarceration with credit for 46 days served.

On the 9th of April, counsel for the Defendant made a request for a notice of appeal and the appointment of the Appellate Defender.  That docket entry has been done, but I think to be safe, counsel, you should, when you finish with this hearing, call the Appellate Defender's Office to see if they have notification of their appointment and the clerk of the Appellate Court to

1    see if a notice of appeal has even been filed.

2         All right.  Let's call this matter for hearing on

3    the motion for acquittal that was filed May 10, 2002.

4         Ms. Miller.

5         MS. MILLER:  Your Honor, I have nothing else to

6    state outside what's in my motion.

7         THE COURT:  Ms. Griffith, anything you wish to

8    say?

9         MS. GRIFFITH:  Your Honor, we would ask that the

10   motion be denied.

11        THE COURT:  All right.  We'll show the post-trial

12   motion filed May 10, 2002.  That motion is denied.

13        The matter will now be called for sentencing.  I

14   have received and considered the presentence report filed

15   May 14, 2002.

16        Ms. Griffith, do you have a copy of that report?

17        MS. GRIFFITH:  I do, Your Honor.

18        THE COURT:  Any corrections to which you're aware?

19        MS. GRIFFITH:  No, although I will point out to

20   the Court I didn't double-check the jail credit.

21        THE COURT:  Well, the jail credit will have to be

22   computed based upon the sentence for indirect criminal

23   contempt and the 180-day consecutive sentence.  I had

24   computed that amount of time, and I believe the Defendant

1    as of yesterday would have served 90 days since he was

2    sentenced on the indirect criminal contempt.  Ninety

3    actual days since the Court received no information.

4           And in checking the booking records through the

5    computer, there's no indication that the Defendant has

6    lost any good time, and it's considered that he has now

7    served that 180-day sentence, and that would give him as

8    of today credit for 86 days on this case.

9           Ms. Miller, Mr. Nolan, did you get a copy of the

10   report?

11          MS. MILLER:  Yes, Your Honor.

12          THE COURT:  Any corrections to which you're aware?

13          MS. MILLER:  No, Your Honor.

14          THE COURT:  Ms. Griffith, do you have evidence in

15   aggravation?

16          MS. GRIFFITH:  Your Honor, I would make sure that

17   the Court has a copy of the victim impact statement that

18   we filed May 20th.  I believe we provided one to the Court

19   directly and also to the court file which --

20          THE COURT:  I do have a copy of that.

21          MS. GRIFFITH:  I don't have any other evidence.

22          THE COURT:  Ms. Miller, any evidence in

23   mitigation?

24          MS. MILLER:  No, Your Honor.

1     THE COURT:  Ms. Griffith, your suggestion, please?

2     MS. GRIFFITH:  May it please the Court?  Counsel?

3     THE COURT:  Ms. Griffith.

4     MS. GRIFFITH:  Judge, I believe in this case that

5  the sentencing range is one of 12 years to 120 years in

6  Department of Corrections, given the two convictions for

7  predatory criminal sexual assault.  Each of those being a

8  normal range of 6 to 30, consecutive to one another, but

9  then because of the age of the victim is discretionary

10  that the Court can sentence up to 60 years on each of

11  those counts, so I believe the range is 12 to 120 years.

12     THE COURT:  Counsel, again, I apologize.  Refresh

13  my recollection.  Did the jury have issues instruction

14  concerning the age of the victim?

15     MS. GRIFFITH:  No.

16     THE COURT:  All right.  Go ahead.

17     MS. GRIFFITH:  When the Court looks at everything

18  it has before it in terms of what it heard at trial,

19  motions that we have dealt with, it's clear that there are

20  some aggravating factors here.

21     When you look at the statutory factors in

22  aggravation, obviously, his criminal record is one to be

23  considered.

24     The deterrent factor is one to be considered.

1          And I would point out that although Count, I

2     believe it would be, actually, IX in the court file, but

3     it was aggravated criminal sexual assault, alleged bodily

4     harm to the victim in this case because the sexually

5     transmissible disease, aside from a sexually transmissible

6     disease, I believe any time an adult male has sex with a

7     child that you can expect some bodily harm.

8          And in addition to the sexually transmissible

9     diseases that this young child suffered from, there was

10    testimony that there was some injury to this victim's sex

11    organs.  I would point out that there was some healing

12    that had begun by the time Dr. Buetow had seen this young

13    child, but I think those are all things that the Court can

14    take into account when looking at factors in aggravation.

15         Other things that stand out when the Court is to

16    determine the number of years that this Defendant should

17    be sentenced is that when you listen or when you read the

18    victim impact statement, it's clear that this is a crime

19    that not only affected the victim in this case, but also

20    the victim's family.  And it's a crime that not only

21    affected her physically, having to be treated for sexually

22    transmissible diseases, but it impacts her in other ways;

23    emotionally, her family structure.  And I believe that

24    Ms. McFall in her victim impact statement puts it better

1    than I can put it, so I want to read a portion of it.

2           "There are no words that can express what Dwayne

3    has really done to this family because it has only just

4    begun, but our lives will never be the same again.  What

5    Dwayne has done was not only selfish, but it's

6    inexcusable."

7           There are no words that we can come in here and

8    try and express to the Court, but I believe that the

9    victim impact statement says as much as we can try to say

10   in the impact that this child is gonna have to live

11   through not only physically, but emotionally.  And it has

12   only just begun.  We have no idea what the impact is gonna

13   be on this victim and her family.

14          I think additionally the Court can consider this

15   Defendant's complete lack of respect for the Court and for

16   the judicial process.  There were court orders given in

17   this case.  He refused to follow court orders.  Not only

18   did he refuse to follow court orders, but on two

19   occasions, one for the presentence investigation done for

20   the indirect criminal contempt hearing, but now in this

21   case, in the criminal case he refuses to comply.

22          I believe this Defendant has a complete disrespect

23   for the entire process.

24          Whatever his rationale is in his mind as to why

1    he's that way, one will never know.  I suppose he may be

2    able to tell the Court that, but when the Court considers

3    all that it has before the Court and considers the

4    seriousness of this offense and what he has done to this

5    child, I believe a substantial sentence is necessary.

6         I would suggest to the Court 100 years, 50 on each

7    count.  He's eligible for up to 120, but I believe that

8    given the seriousness nature of this case and the impact

9    that he's caused on this victim and to protect society

10   that that's a sentence that's necessary, and I would

11   suggest to the Court one of 100 years.

12        THE COURT:  Well, Ms. Griffith, that would be

13   based upon the extended term of the child under the age of

14   12?

15        MS. GRIFFITH:  That's correct.

16        THE COURT:  But the jury didn't get an opportunity

17   to make that determination.  That apparently would fly in

18   the face of Apprendi.  Anything as to that issue?

19        MS. GRIFFITH:  No.

20        THE COURT:  All right.  Mr. Nolan?

21        MR. NOLAN:  Judge, regarding, first of all, the

22   age issue, there was a proposition.

23        In the propositions issues, instruction to the

24   jury, they were asked to find that the victim was, I

8

1    believe, 13 or younger.  That may give some aid, but if

2    there was no specific issue to the finding for under the

3    age of 12, that could be a problem for the Court here.

4           THE COURT:  Do you have that instruction?  If I

5    could see it, please.

6           MR. NOLAN:  I just looked at it.  It indicates

7    under 13 years of age, Judge.

8           THE COURT:  All right.  Thank you.

9           Go ahead.

10          MR. NOLAN:  Judge, when the facts of this case are

11   looked at, they're incredibly emotionally charged, and it

12   can be called aggravation, but the nature of the offense

13   in itself is the aggravation.

14          The conviction is for having sex with the child

15   13 -- under the age of 13, and the Count III with giving

16   the child a venereal disease, causing to harm.

17          That in itself is the crime.

18          Technically, we're talking aggravation being

19   something extra, and the crime itself is, I believe, the

20   most aggravating factor here.  The fact that the child

21   received -- or was given a sexually transmitted disease is

22   part of the offense which the Defendant was convicted.

23          The legislature in determining the sentences for

24   crimes laid it out, that giving a venereal disease is the

1    bodily -- can be bodily harm requirement for aggravated

2    criminal sexual assault.  So, he's been convicted of that.

3         The sentencing range established by the

4    legislature which begins at 6 years and ends at 30 has

5    already been addressed by the legislature.  Aggravation is

6    something that is extra added on top.

7         This is an incredibly emotional situation, Judge,

8    but the crime itself is the most aggravating factor.

9         The State makes reference to a lack of respect in

10   that Mr. Dorsey was found in contempt for refusing to

11   comply with the court order regarding the surrendering of

12   urine.  Again, he was prosecuted for that and sentenced

13   for that.  The crime of contempt of court is punishable.

14   The legislature and the courts have determined the

15   punishment for refusing to comply with the court order.

16        I would submit that that is not aggravation in and

17   of itself.  That is a crime, a separate crime that is

18   already punishable.  He has already served his time for

19   the refusal to comply with the order to give a urine

20   sample.  He was sentenced to the maximum and served his

21   time.

22        There was another petition for contempt on a

23   similar refusal.  Again, I would submit that is not so

24   much aggravation, and it is a separate crime which he is

10

1    being prosecuted, and if convicted will be duly punished

2    by the Court, and it is mandatorily consecutive to

3    whatever sentence the Court deems just to hand down in the

4    main matter we have.

5          The refusal to comply with the presentence report

6    and Mr. Dorsey's behavior throughout this, Your Honor,

7    while it has been termed by the State as lack of respect

8    for the Court, Mr. Dorsey has always behaved himself

9    respectfully in the presence of the Court.

10         I would submit that is not a sign of lack of

11   respect for Your Honor or the Court, but, rather, a

12   symptom of Mr. Dorsey's own mental, emotional problems.

13   It never arose to the level of a fitness issue or a

14   defense of insanity, but the Court can consider mental or

15   emotional difficulties that a defendant has even though it

16   does not rise to the level of the defense, it can be

17   mitigation.

18         THE COURT:  Well, I believe Mr. Dorsey explained

19   his position when he testified at the trial.

20         MR. NOLAN:  That's correct.

21         THE COURT:  And as I recall during the course of

22   the trial, I don't recall any problems that Mr. Dorsey

23   created during the course of the trial.  So, again,

24   Mr. Nolan, I think on that issue, your argument is

1    well-taken.

2        MR. NOLAN:   Finally, Judge, Mr. Dorsey has a

3    limited record.   Yes, he's been to the Department of

4    Corrections for aggravated battery.   Outside of that, his

5    record is not, I would call, spectacular in light of all

6    of our experiences in the criminal justice system.

7        We can't get around the most aggravating factor

8    which is the nature of the offense in itself.

9        Outside of that, Your Honor, I don't think that

10    there has been enough extra aggravation shown to justify

11    the sentence recommended by the State which would be 50

12    years and 50 years.   Significant extended terms on both of

13    the mandatory consecutive counts.

14        The Court, I believe, here today, Judge, that the

15    range should be in the normal range for this offense which

16    is between 6 and 30 years.

17        Again, while I am not gonna argue for the minimum

18    here, Judge, I do believe that a sentence in the so-called

19    normal range of 6 to 30 is more appropriate.

20        I would suggest that a range of 10 to 20 years on

21    each count would probably be most appropriate.   It would

22    serve as a deterrence because it would mean that

23    Mr. Dorsey would spend realistically most of if not the

24    rest of his life behind bars.   It would deter the public.

1    It would recognize the seriousness of the offense, because

2    the legislature has already indicated the sentences that

3    are necessary for this type of offense.  And it will not

4    deprecate the seriousness of this offense.

5        So, Your Honor, considering all of this, I would

6    ask the Court to sentence in the range I've so indicated.

7        Thank you.

8        THE COURT:  Thank you.

9        Mr. Dorsey, this is an opportunity for you to say

10   what it is you want to the Court before sentence is

11   imposed, sir.  Is there anything that you wish to say?

12       You can sit there, sir.  I can hear you.

13       THE DEFENDANT:  With everything --

14       THE COURT:  Mr. Dorsey, you don't need to lean

15   forward.  I think the micro --

16       THE DEFENDANT:  With having to do towards the

17   contempt or just --

18       THE COURT:  Beg your pardon?

19       THE DEFENDANT:  Just got through with the

20   contempt?

21       THE COURT:  Whatever --

22       THE DEFENDANT:  Oh.

23       THE COURT:  Whatever you want to say to the Court,

24   Mr. Dorsey, this is your opportunity.

13

1      THE DEFENDANT:  Okay.

2      THE COURT:  Why don't you pull that microphone a

3  little bit closer to him.  That might help so he doesn't

4  have to lean forward.

5      There you go.

6      THE DEFENDANT:  I'd like to comment to State's

7  Attorney, Ms. Griffin, stated as to why I wouldn't give a

8  urine sample, you know, 'cause this whole case been a big

9  experience, conspire about the whole trial as far as

10  misrepresentation and everything and the jury picked and

11  everything.  All my laws, statute requirements have been

12  violated.  I'm gonna point that out to the Court which I

13  feel unfair, everything that happened.

14      As far as she states that why I didn't give a

15  urine sample, everybody -- I mean, people not knowing the

16  insider story.  They're just hearing the outside.  They

17  not knowing the part that's going on in here while I'm

18  incarcerated.  All the threats I'm getting, all the tricks

19  they're doing trying to -- they thinking ignorance is a

20  factor, trying to trick me into signing papers not knowing

21  who they're with, telling me papers, filling these papers

22  out, signing these papers, not saying the reason the

23  papers are, but I knew the paper word, (unintelligible)

24  I'm being tricked, trying being tricked, so would why I

1    present myself for giving samples if I'm feeling this way

2    that I'm being railroaded?

3         I told testify in court.  I didn't have any

4    problems taking the test, but not here in this county jail

5    facility where nurses on the side of the State's Attorney,

6    working with them.  'Cause, like I said, I'm very

7    conscientious about what's going on.  There's more to

8    being done what's being said, what's being happened and

9    everything not being heard.  There's two sides of

10   everything, what's been said and what needs to be said.

11   There's a lot of tricks going on.  There's a lot of

12   threats and everything, trickery things going on, trying

13   to trick me into admission of guilt to get me to open

14   sentence which I can get railroaded, which I feel is

15   unfair justice.

16        I recognize separate jurors in the jury stand from

17   '90 case I had.  I pointed out to my attorneys, and that

18   was overruled, which I felt was wrong -- wasn't right.

19   The law states that I have a right to require hit and

20   dismiss jurors.  That was looked -- overruled.

21        I've been misrepresented throughout the whole

22   case.  By my appointed attorneys and everybody.  State's

23   Attorney.

24        My two point (unintelligible) with the State is

1    trying to railroad me.  That's why I have two of them, two

2    attorneys.  First one I saw at the very, the first day I

3    met her, and after that now I got two of them.

4        So, this whole case has been big conspiracy, and

5    the incident about the whole case.  (Unintelligible)

6    points to me to that says I did this, but yet I've been

7    found guilty wrongfully, unconstitutional wise.

8        There's a lot of things going on wrong and I am

9    trying to speak out and not being heard, voice I heard,

10   and I got attorneys supposed to do that and they haven't

11   done it yet.  I have had more hearings than the average

12   case has.  So, I'm fighting the system by myself.

13       So, other than that, I got -- I don't have nobody

14   on my side but God, so I let God handle all that, and the

15   Lord is my vengeance, and that's all I have to say.

16       THE COURT:  Thank you, sir.

17       Well, I have considered the presentence report.  I

18   have considered the comments of counsel.  I've considered

19   the comments of the Defendant.  I have reviewed the

20   statement, the impact, the victim impact statement.  I

21   have recalled the testimony from the trial, and I have

22   considered the statutory factors in mitigation as well as

23   the statutory factors in aggravation.

24       There really aren't any statutory factors in

1    mitigation that would apply to this case to this

2    particular Defendant.

3         The obvious statutory factors in aggravation is

4    the Defendant has the history of, prior history of

5    criminal activity.  He has the aggravated battery

6    conviction which resulted in a sentence to the Department

7    of Corrections in 19 -- in 1998.  That was the 97-CF case.

8         The other statutory factor in aggravation is the

9    deterrent factor.

10        This Court must always fashion a sentence that

11   will deter not only this Defendant, but others similarly

12   situated from committing this type of an offense.

13        In recalling the testimony in this case, the

14   victim and her mother testified, as well as Dr. Buetow and

15   the sexual assault nurse, among others, Detective

16   Huckstep.  The Defendant also testified.

17        The jury heard the testimony and they made a

18   determination that the State had proven beyond a

19   reasonable doubt that the Defendant had committed the

20   offenses of predatory criminal sexual assault and

21   aggravated criminal sexual assault.

22        The Defendant in his comments to the Court is

23   reiterating basically what he testified at trial.  The

24   Defendant, I believe, even characterized himself at trial

1    as being paranoid, and it's obvious he has and that he

2    feels that the system as such is against him, including

3    the attorneys that have been appointed to represent him.

4        But the fact is, the evidence was presented to the

5    jury and the jury made a determination that this Defendant

6    committed the offenses.

7        The offense of predatory criminal sexual assault

8    and aggravated criminal sexual assault involving a victim

9    under the age of 13 is obviously an incredibly serious

10   offense.  The legislature has designated them as Class X

11   offenses with a minimum sentence fixed at 6 and a maximum

12   sentence fixed at 30 years.

13       The prosecutor has argued for an extended term;

14   however, I believe based upon the Apprendi decision by the

15   United States Supreme Court in order to find this

16   Defendant eligible for the extended term, the jury or the

17   trier of fact must determine beyond a reasonable doubt one

18   of the aggravating factors, one or more of the aggravating

19   factors, and in this case is that the child was under the

20   age of 12.

21       The jury instruction only says that the jury has

22   to find beyond a reasonable doubt that the child was under

23   13 years of age when the act was committed.

24       Well, that includes 12 years of age, and I don't

1    believe that that is sufficient to call into question the

2    extended term as far as this Defendant is concerned.

3         That leaves the Court with the sentencing range of

4    6 to 30 years' incarceration.

5         Whenever the victim in a criminal matter such as

6    this is the child, there's obviously nothing that the

7    Court can do that will undo what has happened to the child

8    or to the child's family.

9         In this case, Mr. Dorsey has committed that

10   offense against the child.  That has created the problems

11   for the family, the concern for the family, the agony for

12   the family.  And in addition to that, as set forth in the

13   impact statement, he has also removed himself from that

14   family by the nature of his act.

15        So, this family has been devastated not only by

16   having a child member raped by Mr. Dorsey, but because of

17   what he has done, he is no longer available to the other

18   children, to his children in that family or in that family

19   setting.

20        So, the devastation that has been created is

21   extensive and is even an extra level over and above what

22   normally happens when a child is raped by an adult

23   individual.

24        As I've indicated, there are no mitigating factors

1    involved in this case.   The aggravating factors are

2    obvious; the prior record and the deterrent factor.

3        Children are obviously especially vulnerable, and

4    it is up to family members to protect those children.   And

5    when that fails, then society has to step in and provide

6    the required protection.

7        And in this case, that's the deterrent factor.

8    The sentence has to be necessary, has to be of such a

9    nature that it will deter not only this Defendant, but

10   others similarly situated from committing this type of an

11   offense.

12        Given all that has been presented, as I've

13   indicated, I don't believe the extended term is

14   appropriate, but the Court will fashion a sentence that

15   will act as a deterrent to take into account the

16   aggravating factors and all that the Court has considered.

17        To the charge of and the verdict of guilty of

18   predatory criminal sexual assault, the sentence will be

19   one of 30 years.   The Defendant will receive credit for 86

20   days heretofore served in the Champaign County

21   Correctional Center.

22        As to the second count of predatory criminal

23   sexual assault, that will be a 30-year sentence.   That

24   sentence will run consecutive to the sentence imposed in

1    the previous predatory criminal sexual assault charge.

2         And as to aggravated criminal sexual assault, that

3    will also be a sentence of 30 years, and that will also be

4    ordered to be served consecutive to the sentences imposed

5    in the other two verdict forms.  Verdicts of jury.

6         Mr. Dorsey, you have the right to appeal the

7    judgment of conviction excluding the sentence.

8         In order to do that, you must tell the Court that

9    you want to appeal.  I will direct the Circuit Clerk to

10   prepare a notice of appeal on your behalf.  I will appoint

11   an attorney to represent you on appeal free of charge if

12   you can't afford one.  I'll also provide you with a free

13   transcript of everything that's happened in court if you

14   can't afford one.

15        You only have 30 days to get that notice of appeal

16   on file or tell the Court that you want to file an appeal.

17   Otherwise, you will lose forever your right to appeal the

18   judgment of conviction.

19        Now, prior to taking an appeal, if you wish to

20   challenge the correctness of the sentence or any aspect of

21   the sentencing hearing, you must file in this Court within

22   30 days of today's date a written motion asking to have

23   this Court reconsider the sentence imposed or consider any

24   challenges to the sentencing hearing.

1          You must set forth in the motion all issues or

2     claims of error regarding the sentence imposed or the

3     sentencing hearing.

4          Any issue or claim of error regarding the sentence

5     imposed or any aspect of the sentencing hearing not raised

6     in the written motion shall be considered waived.

7          In order to preserve your right to appeal

8     following the hearing on your motion to reconsider the

9     sentence or any challenges regarding the sentencing

10    hearing, you must file a notice of appeal in this Court

11    within 30 days from the entry of the order dealing with

12    your motion to reconsider the sentence or the order

13    dealing with any challenges to the sentencing hearing.

14         We will show that the Defendant has been advised

15    of his appellate rights pursuant to Supreme Court rule.

16         His bond orders are vacated.  He is remanded to

17    the custody of the Sheriff for transportation to the

18    Department of Corrections.  The order of commitment is to

19    issue.

20         Mr. Nolan?

21         MR. NOLAN:  Judge, I would ask that Mr. Dorsey be

22    held here in county pending our post-sentencing motion.  I

23    would ask for approximately 30 days.  We need to do some

24    research regarding the consecutive nature of Count III.

1          THE COURT:  All right.  I can give you a hearing

2   date as to that right now.  Would you have time available

3   Monday afternoon, June 24?

4          MR. NOLAN:  That should be fine, Your Honor.

5          THE COURT:  Think you'll get it on file within 30

6   days?

7          MS. MILLER:  Yes.

8          THE COURT:  All right.  Let's set this at 2:30.

9          MR. NOLAN:  Thank you, Judge.

10         MS. GRIFFITH:  Judge, is the Court going to hear

11  the contempt, the indirect contempt petition today?

12         THE COURT:  I got the same problem I don't have

13  the file.  I don't know what the orders were entered in

14  the time frame.  I'm only working off the docket sheet.

15  The Circuit Clerk has lost this file and --

16         MS. GRIFFITH:  Okay.

17         THE COURT:  -- counsel, once this is all

18  concluded, Mr. Nolan, Ms. Miller, and we've already got

19  the clock running on that one request for appeal.  You

20  need to check with the clerk's office to see if they've

21  ever done any of that, and then you need to call the

22  Appellate Defender and the clerk of the Appellate Court,

23  and I'm going to give you the same admonition when we get

24  done with this, also.

1              MR. NOLAN:  Judge, if there's been any notice of

2       appeals filed in relations in the trial, I would ask it be

3       vacated right now --

4              THE COURT:  No, no, they were in relation to

5       the -- to the indirect criminal contempt trial.

6              MR. NOLAN:  Okay.  I was suddenly confused because

7       I didn't want any loss of jurisdiction here.

8              THE COURT:  No, no, there isn't, but I -- you

9       still have that issue where you have requested the

10      Appellate Court to review that trial and sentence.  And

11      given the fact that the clerk's lost the file, I don't

12      know what the status of that case is, so I would encourage

13      you to check on that as best you can.

14             I'll set this matter for a motion to reconsider to

15      Monday, June 24, 2:30, back in this courtroom.

16             THE DEFENDANT:  Your Honor?

17             THE COURT:  Yes, sir.

18             THE DEFENDANT:  Might I address my appeal to the

19      Court that you stated?

20             THE COURT:  All right.  Yes?  You said you want --

21             THE DEFENDANT:  My appeal.  I mean --

22             THE COURT:  Right.  We're working -- The steps

23      that you have to take to appeal are exactly what Mr. Nolan

24      is doing.  One, you're contesting the sentence, and then

1    once that's done, then the Appellate Court can consider

2    everything that's been done.

3         So, the first step is Mr. Nolan's gonna file a

4    motion to contest the sentence that has been imposed, and

5    after that, then we will see to it that the notice of

6    appeal is filed and, hopefully, that the Appellate Court

7    gets some kind of a record that they can make a

8    determination on.

9         All right.  We'll be in recess.

10                              (PROCEEDINGS ADJOURNED.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1    IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

2            CHAMPAIGN COUNTY, ILLINOIS

3

4        I, Melissa Clagg, an Official Court Reporter for

5    the Circuit Court of Champaign County, Sixth Judicial

6    Circuit of Illinois, do hereby certify that I reported the

7    proceedings had in the above-entitled cause; that I

8    thereafter caused the foregoing to be transcribed into

9    typewriting, which I hereby certify to be a true and

10   accurate Report of Proceedings had before the Honorable

11   Thomas J. Difanis, Judge Presiding.

12

13

14

15

16

17

18

19                    *Melissa Clagg*

20                    Official Court Reporter

21

22

23   Dated this 8th

24   day of July, 2002

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

CHAMPAIGN COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ) 
ILLINOIS, )
 )
v. ) NO. 2001-CF-2153
 )
DWAYNE A. DORSEY, )
Defendant. )

## MOTION TO RECONSIDER

REPORT OF PROCEEDINGS had in the above-entitled

cause on the 24TH DAY of JUNE, 2002, before the

HONORABLE THOMAS J. DIFANIS, Circuit udge.

### APPEARANCES:

MS. KELLY GRIFFITH,
Assistant State's Attorney,
appearing on behalf of the
People.

MR. KEVIN NOLAN, and
MS. JANIE MILLER,
Assistant Public Defenders,
appearing on behalf of the
Defendant.

FILED
SIXTH JUDICIAL CIRCUIT
JUL 17 2002   D
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

COPY
TAMMY SUE COBB, CSR
OFFICIAL COURT REPORTER
CHAMPAIGN COUNTY COURTHOUSE
URBANA, IL  61801
LICENSE #084-002496

VOLUME

8 of 8

THE COURT:  We're here on 01-CF-2153.

The Defendant is present with Mr. Nolan, Ms. Miller.

Ms. Griffith is here on behalf of the People.

This matter is set today for a hearing on a motion to

reconsider that was filed on the 20th of June.  I also

have the People's response filed the 24th of June.

Ms. Miller, as to your motion.

MS. MILLER:  Thank you, your Honor.  I believe

my motion is straight forward.  I believe that the three

counts that Mr. Dorsey was convicted of, only two of

those can stand.  I believe the aggravated criminal

sexual assault arose out of the same physical act as one

of the predatory criminal sexual assaults.  According to

case law, that one of those sentences must be vacated.

We would ask that the predatory criminal sexual assault,

Count I, be vacated, rather than aggravated criminal

sexual assault.  I did attach case law, which states,

that in that particular case, aggravated criminal sexual

assault had a more culpable mental state.  We feel this

-- this case, it does as well.  So would ask that only

one count of predatory criminal sexual assault, one

count of aggravated criminal sexual assault stand.

Also, we feel that this was not a void sentence.

So we feel that according to Kilpatrick and the rules

of Supreme Court, that you cannot now increase his

2

sentence. We feel that you may have been mistaken in whether or not he could have been sentenced to the extended term, but I believe that you sentenced him within the appropriate perimeters. Therefore, his sentence was not void and was valid. And we have to go by the Kilpatrick case. Thank you.

THE COURT: Ms. Griffith.

MS. GRIFFITH: May it please the Court and counsel. Judge, I received the Defense motion on Friday. I apologize for the late filing of my response today, but I needed to work over the weekend to get this done. I believe that Ms. Miller filed this motion and would have the Court believe this is a straight forward issue. I would disagree to some extent, because once you divide the cases and once you realize you're dealing with alot of different issues, I don't think it's as straight forward as outlined in -- in the Defendant's motion to reconsider the sentence.

What's very clear, and I tried to outline procedurally what had happened in this case, because I think some of them are important, and that's what I did in paragraphs one, two, three and four. I do concede, as set forth in paragraph six, that only one conviction may result from each act of sexual penetration. That was clear from what the State

3

requested of the Court, admonish the Defendant as to

the possibility of sentences, that there were two sex

acts, even though each one of those Class X felonies

was a normal range of six to thirty.  And pursuant to

the statute that I have cited in paragraph five, and I

believe we cited that at the time, that the Defendant

was admonished prior to trial; that was the basis for

the extended term up to sixty years on each of those

counts.  However, I don't --  I'm not sure if it was

directly on the record but I know that I had

conversations with both Mr. Miller -- I'm sorry,

Ms. Miller and Mr. Nolan, that in any event, it was

agreeing that it was two sex acts, that the range was no

more than 120-years.  That basically it be six to sixty

on two counts, consecutive, and he could not receive a

sentence of more than 120-years.

When you look at what the Defense is asking in the

motion, not just the language of their motion, but what

they're actually asking, they're basically attacking

everything after the, um, judgments of guilty by the

jury.  So they're attacking not only what judgments were

entered by the Court, but then also the sentences.  When

that is the issue, and that is the case, we have to stop

before we get to Kilpatrick.  We have to stop and look

and see if the sentences were valid or whether they were

4

void.  And that's why the O'Neal case becomes important.
If you just look at Kilpatrick, you're missing a step
of the analysis that the State believes is important.
Kilpatrick stands for the proposition that somehow
we would be, or this Court would be restricted from
increasing the sentences previously imposed, and that
the maximum would only be sixty.  So what they're urging
you to do is, on one count of predatory criminal sexual
assault, sentence him to thirty years.  And then they're
arguing, aggravated criminal sexual assault, thirty
years, consecutive.  I believe that before we get to
the valid and void portion of our analysis, we need to
step back and we need to figure out -- we had three
counts here; we had predatory criminal sexual assault,
two counts, for two different sex acts, then aggravated
criminal sexual assault for giving the victim a sexually
transmissible disease.  They cite, um, in their
motion, that we should find that the two counts that
the Defendant should be sentenced on is one count of
predatory and one count of agg crim sex assault.
But when you think about the evidence in this case,
and when you go beyond just pulling out one sentence,
or go beyond pulling sentences out from a case and you
actually stop and think what the Court was trying to
do, say, in -- in deciding, and I think that was the

5

Daniel's case, what they were trying to say in deciding,
when you have two felonies of the same class, deciding
which one, um, should be the one that the Defendant
is sentenced on, you have to decide, according to that
Court, um, the more culpable mental state.  And when
you remember back to the evidence in this case, there
was alot made of the fact, not only in trial but
pretrial motions and post-trial motions, and even at the
sentencing, that the Defendant didn't know that he or
may not have known that he had a sexually transmissible
disease.  And, in fact, the medical testimony in the
case was that it's likely the person can give another
person a sexually transmissible disease without knowing
that he or she has the sexually transmissible disease.

So it's the State's position that the more
culpable mental state is the decision to have sex
with a child.  Because in the evidence in this case,
we can't -- I don't think there's been any evidence that
he knew when he had sex with her he gave her a sexually
transmissible disease.  So we're asking that the
Defendant be sentenced on two counts of predatory
criminal sexual assault.

When you look at the void, the issue of whether
there is a void sentence or a valid sentence, the issue
really is, there were three counts.  Um, this Court

6

1    sentenced thirty, thirty and thirty, consecutive.

2    That's a void sentence.  One of the predatory criminal

3    sexual assaults could have been sentenced to a thirty

4    year, not going into extended term.  But the last,

5    the last two counts, or at least one count of predatory

6    criminal sex assault and aggravated criminal sexual

7    assault, a decision needs to be made, which one had

8    the more culpable mental state.  And those would be

9    one sentence.  They don't merge.  But to sentence

10   the Defendant to thirty years on one of the predatory

11   criminal sexual assault counts, and thirty years,

12   consecutive, on an aggravated criminal sexual assault,

13   there is an argument, and I believe that the

14   "one act/one crime" applies, that you can't do that,

15   that makes it a void sentence.  When the Court considers

16   Wade, defining void sentence, and considers O'Neal,

17   where that Court actually was careful and went beyond

18   just looking, um, at Kilpatrick, but actually took a

19   step back and said, okay, were these sentences void or

20   not, then the analysis that's applied is in O'Neal, is

21   the one that is appropriate.  And not only in O'Neal was

22   it decided that the new sentences that replaced the void

23   sentences are not subject to the restrictions on

24   increased sentence discussed in Kilpatrick and Jones,

     but it also went on to say, due process wasn't violated

7

because even though the Defendants in O'Neal claimed

that they were being penalized for seeking review of

their convictions and sentences, the due process was not

violated.  The key turns on analysis in Kilpatrick and

the analysis in O'Neal.  And when you look at

Kilpatrick, it's relying on Rivera, which was not sound,

because in Rivera they were looking at a circumstance

where the sentences may have been consecutive.  They

weren't mandatory.        So there's where Kilpatrick

basis its decision.  And when we look at O'Neal, and we

look at this case, this is a case that clearly two

counts are -- are mandatory, consecutive.  There's no

issue about that.

    Really, what it boils down to, Judge, is, um,

when you look at Kilpatrick, what that was saying was

the sentences of nine and six years were appropriate,

but the consecutiveness of them were not.  So basically

the question there was, how will the sentence be served?

Not what was the sentence?  Not the number of years.

But, how will they be served?  It was an issue of

concurrent or consecutive.  What we have here is,

really, um, with the Defense motion, although they don't

want to come out and say it, they're really attacking

the judgments themselves.  And when they're attacking

the judgments themselves, you have to look, you know,

8

beyond what they're saying in their motion and get to

the point of what they're saying, which is, you know,

these -- we're attacking all of these judgments.  So

then what you have to look at is, this -- was this

sentence void or was it a valid sentence?  And when you

get to that point, then you're not bound by the holding

in _Kilpatrick_ and you actually have to take a step back

and decide, valid or void.  And if it's void, which I

would suggest the definition of void was outlined in --

in _Wade_ and in _O'Neal_.  Void in O'Neal, was because it

didn't conform to the statute.  And here we have a

sentence that didn't conform to the statute because you

cannot give the Defendant three consecutive sentences in

this case.

I believe that after careful consideration of

all of the cases, an appropriate sentence would be on

one count of predatory, thirty years.  And I believe

that the Court can decide any range up to sixty on the

second count, which I would urge the Court would be the

predatory criminal sexual assault.

THE COURT:  Thank you.  Ms. Miller.

MS. MILLER:  Thank you.  Your Honor, um, as

to one of the issues, as far as the extended term,

I believe that is a suggestion the Court can take in

and isn't required to impose the re-extended term.

9

So even though you may have been able to impose the extended term, not doing so doesn't make the sentence a void sentence.

I believe the cases that the State is relying on, People v. Wade, that was a case where apparently the gentleman had an extra charge that the -- his -- his attorney or the State's Attorney was unaware of and was not able to accept the -- accept the probation that he was given. That made it a void sentence because he wasn't eligible for probation and got it. As far as the O'Neal case goes, the Judge in this case, when he sentenced, knew that he had to sentence the person to mandatory consecutive sentences and chose not to do so; was very explicit in his choice not to do so. I believe the Appellate Court came back and said it was a void sentence because the Judge was supposed to do mandatory consecutive sentences and chose not to. And that's not the case we have here. I believe that you have the authority to impose the consecutive sentence and you did so. So we believe there -- there is a void, er, is a valid sentence. Thank you.

THE COURT: All right. Well, I have considered the motion to reconsider, as well as the People's response to the motion. When this sentencing hearing was conducted, the Court was operating without the court

10

file, which makes it a little bit difficult to
reconstruct what was -- what had occurred.   It's
apparent that the three consecutive sentences are not
appropriate in this matter, and that the Court can only
impose consecutive sentences.   And in the Court's
opinion, the jury verdict of guilty of predatory
criminal sexual assault of a child, as designated in
Count I, and then guilty of predatory criminal sexual
assault of a child on another occasion, and that is
marked as Count II, and the sentence -- the consecutive
sentence for aggravated criminal sexual assault is not
an appropriate sentence.   The thirty years is
appropriate but it can't be served consecutively to the
other two.   The Court was under the misapprehension that
the only way an extended term sentence would be
appropriate was if the child was under the age of
twelve, when the Court specifically admonished this
Defendant prior to trial that he was eligible for the
extended term because of the victim under the age of
eighteen.   However, for whatever reasons there were
for the Court to impose such a sentence, nonetheless
the Court has the opportunity and the obligation to
straighten out the situation.

The Court felt that a 90-year sentence was an
appropriate sentence given the circumstances of this

11

case.  And I believe the State's position is well-taken.
Therefore, the sentence will be 30-years for predatory
criminal sexual assault as set forth in Count I, of the
jury verdict; with a consecutive 60-year sentence as set
forth in Count II; with a 30-year concurrent sentence as
set forth in Count III; with credit for the appropriate
time served.  Ms. Miller, do you wish a notice of appeal
and the Appellate Defender appointed?

MS. MILLER:  Yes.

THE COURT:  Show the Circuit Clerk is directed
to file a notice of appeal.  The Appellate Defender is
appointed to represent the Defendant on appeal.  Circuit
Clerk's Office is ordered to notify the Appellate
Defender of the appointment.  Anything else, counsel?

MS. GRIFFITH:  Judge, I know we had outstanding a
second petition for criminal contempt of court, filed
April 8th of 2002.  We weren't able to hear it the last
couple of times because we didn't have a court file.
Um, at this time it would be the State's motion just to
ask that that -- I mean, I assume that the petition will
have to remain in the court file but we don't need a
hearing on it.

THE COURT:  All right.  The Court has no intention
then, based upon the State's representation, to conduct
a hearing on the subsequent petition for indirect

12

criminal contempt.  The Defendant is remanded --

    MS. MILLER:  Your Honor, I have one other question.

    THE COURT:  Yes.

    MS. MILLER:  Did you receive my letter dated June 3rd, to the effect that the Appellate Court had never received any notification of his notice to appeal?

    THE COURT:  But there is now in the file the notice of appeal and the appointment of the Appellate Defender as to the indirect criminal contempt, and that is specific as to that issue.  Now we're going to start another appeal.

    MS. MILLER:  Thank you.

    THE COURT:  All right.  Court's in recess.

    WHICH WERE THE PROCEEDINGS HAD IN THE ABOVE ENTITLED CAUSE ON SAID DATE.

13

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

CHAMPAIGN COUNTY, ILLINOIS


I, TAMMY SUE COBB, an Official Court
Reporter for the Sixth Judicial Circuit, Champaign
County, Illinois, do hereby certify that the foregoing
Report of Proceedings are true and accurate and reflect
the proceedings had in the above-entitled cause on said
date.


DATED this 17th DAY OF JULY, 2002.


TAMMY SUE COBB, CSR
OFFICIAL COURT REPORTER

See Exhibit #5 of counsel on direct due to conflict of interest due to Petition alleges counsel ineffectiveness and motion to compel production of the entire record on appeal Because entire record was with held during defendant direct appeal which violated due process, Counsel was asked By Circuit Court to argue appeal that defendant Conceded But file was lost By the Clerk which affirm for a reduce and resentencing which is perjury without proof a file every existing and it prevented an over turned conviction and false records were admitted into evidence as exhibits that never was shown at Trial, the only evidence was a police report no photographs etc.



## OFFICE OF THE STATE APPELLATE DEFENDER
## FOURTH JUDICIAL DISTRICT

400 WEST MONROE STREET • SUITE 303 • P.O. BOX 5240
SPRINGFIELD, IL 62705-5240
TELEPHONE: 217/782-3654 • FAX: 217/524-2472
WWW SITE: http://www.state.il.us/defender/

**DANIEL D. YUHAS**
DEPUTY DEFENDER

---

**ARDEN J. LANG**
ASSISTANT DEPUTY DEFENDER

**KAREN MUNOZ**
**JEFFREY D. FOUST**
**GARY R. PETERSON**
**LAWRENCE J. ESSIG**
**JUDITH L. LIBBY**
**MARTIN J. RYAN**
**JOHN M. McCARTHY**
**JACQUELINE L. BULLARD**
**ROBERT N. MARKFIELD**
**KELEIGH L. BIGGINS**
**SUSAN M. WILHAM**
**ERICA R. CLINTON**
**NANCY L. VINCENT**
**COLLEEN MORGAN**
**CATHERINE K. HART**
ASSISTANT APPELLATE DEFENDERS

June 14, 2005

Dwayne Dorsey
Register No. K-69896
Box 711
Menard, IL 63359

Dear Mr. Dorsey:

I have received the materials you sent regarding your post-conviction petition. I will place the materials in your file to help your attorney when one is assigned. I have not received the record in your case. But I will contact you when your record is complete. If your petition alleges my ineffectiveness, I will transfer the matter to the Fifth District Office of this Agency.

Best regards.

Very truly yours,

ARDEN J. LANG
Assistant Deputy Defender

AJL:mr



STATE OF ILLINOIS

# APPELLATE COURT
### FOURTH DISTRICT
201 WEST MONROE STREET

CLERK OF THE COURT       P.O. BOX 19206       RESEARCH DIRECTOR

(217) 782-2586     SPRINGFIELD, ILLINOIS 62794-9206     (217) 782-3528

Appeal from the Circuit Court of County of Champaign

    Trial Court No.: 01CF2153

THE COURT HAS THIS DAY, 09/01/05, ENTERED THE FOLLOWING ORDER IN
THE CASE OF:

    Gen. No.: 4-05-0459

    People v. Dorsey, Dwayne

        Motion by the Office of the State Appellate
        Defender, Fourth District, to withdraw as counsel
        on appeal due to conflict of interest ALLOWED.
        The Office of the State Appellate Defender, Fifth
        District, is appointed to represent appellant,
        Dwayne Dorsey, on appeal.
        Docket order amended.


                              DARRYL PRATSCHER, CLERK


cc: Daniel D. Yuhas
    Office of State Appellate Defender

    Arden J. Lang
    Asst. Dfr., Office of the State Appellate Defender

    Daniel M. Kirwan
    Dep. Defender, Office of State Aplt. Defender

    Dwayne Dorsey
    K67896
    Menard Correctional Center
    711 Kaskaskia St., PO Box 711
    Menard, IL  62259

4-05-0459     cont.

Julia Rietz
State's Attorney

Robert J. Biderman
Dep. Dir., State's Attorneys Aplt. Prosecutor

UNITED STATES OF AMERICA

STATE OF ILLINOIS
APPELLATE COURT
FOURTH JUDICIAL DISTRICT

General No. 4-05-0459

    People v. Dorsey, Dwayne

        Appeal from Circuit Court of County of Champaign
        01CF2153

AMENDED DOCKETING ORDER

| | |
|---|---|
| Notice of Appeal filed: | 05/31/05 |
| Report of Proceedings due to be filed in Trial Court (Supreme Court Rule 323): | NONE |
| Record, or Certificate in Lieu of Record, due to be filed (Supreme Court Rules 325, 326): | |
| Appellant's Brief with Appendix due to be filed (Supreme Court Rules 341, 342, 343): Brief will not be filed until docket fee has been paid. | 10/06/05 |
| Appellee's Brief due to be filed (Supreme Court Rules 341, 343): Brief will not be filed until appearance fee has been paid. | 11/10/05 |
| Appellant's Reply Brief due to be filed (Supreme Court Rules 341, 343): | 11/24/05 |
| Month for Oral Argument (if requested): | JAN 06 |

MOTIONS FOR EXTENSION OF TIME FILED WITHIN 14 DAYS OF THE
APPLICABLE DUE DATE WILL BE LOOKED ON WITH DISFAVOR.

ORAL ARGUMENT MAY BE HELD EARLIER IF CASE IS READY.  DISPO-
SITION WILL BE MADE WITHIN 60 DAYS FOLLOWING ORAL ARGUMENT.

Enter: SEPTEMBER 1, 2005

Robert W. Cook
PRESIDING JUDGE

## No. 4-05-0459

# IN THE APPELLATE COURT OF ILLINOIS

# FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) ) | Appeal from the Circuit Court of the Sixth Judicial Circuit, |
| Plaintiff-Appellee, | ) ) | Champaign County, Illinois. |
| -vs- | ) ) | No. 01-CF-2153 |
| **DWAYNE DORSEY,** | ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | Jeffrey B. Ford, Judge Presiding. |

## MOTION TO COMPEL PRODUCTION OF THE ENTIRE RECORD ON APPEAL

Now comes the defendant, Dwayne Dorsey, by counsel, Larry R. Wells, Assistant Defender, Office of the State Appellate Defender, Fifth Judicial District, and respectfully requests that This Court compel the Champaign County Circuit Clerk to produce photographs, flat exhibits and additional transcripts.

In support of this motion counsel states as follows:

1. The defendant was convicted of predatory criminal sexual assault of a child and aggravated criminal sexual assault, and his appeal is currently before This Court.

2. Undersigned counsel has examined the record on appeal and has determined that these additional materials and photographs are needed to complete the record on appeal in this case.

3. The record shows that there are additional photographs and exhibits that were admitted into evidence and have not been forwarded to this office. In addition, proceedings were held on December 18, 2001, January 30, 2002, January 31, 2002,

February 5, 2002, February 6, 2002, February 13, 2002, February 22, 2002 (two hearings were held on this day), February 26, 2002, February 27, 2002, February 28, 2002, April 11, 2002, April 15, 2002, April 16, 2002 (voir dire), and May 17, 2002, but not included in the record on appeal.

4. These additional materials and transcripts are necessary for full and adequate representation of the defendant on appeal. The Office of the State Appellate Defender therefore requests that the remainder of the defendant's record on appeal be forwarded for supplementation.

WHEREFORE, the defendant respectfully requests that This Court compel the Champaign County Circuit Clerk to forward the additional photographs, flat exhibits and transcripts from the hearings held on December 18, 2001, January 30, 2002, January 31, 2002, February 5, 2002, February 6, 2002, February 13, 2002, February 22, 2002 (two hearings were held on this day), February 26, 2002, February 27, 2002, February 28, 2002, April 11, 2002, April 15, 2002, April 16, 2002 (voir dire), and May 17, 2002, in this cause so that they can be reviewed and supplemented to the record on appeal.

Respectfully submitted,

LARRY R. WELLS
Assistant Defender
Office of the State Appellate Defender
Fifth Judicial District
730 E. Illinois Highway 15, Suite #1
Mt. Vernon, IL 62864
618-244-3466

COUNSEL FOR DEFENDANT-APPELLANT

STATE OF ILLINOIS        )
                         )  SS
COUNTY OF                )
JEFFERSON

    Larry R. Wells, being first duly sworn on oath, deposes and says that he has read the foregoing Motion by him subscribed and the facts stated therein are true and correct to the best of his knowledge and belief.

LARRY R. WELLS
Assistant Defender

SUBSCRIBED AND SWORN TO BEFORE ME
on October 20, 2005.

NOTARY PUBLIC

Official Seal
Allyson McPhail
Notary Public State of Illinois
My Commission Expires 02/14/06

## No. 4-05-0459

# IN THE APPELLATE COURT OF ILLINOIS

## FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,**<br>   Plaintiff-Appellee, | )<br>)<br>)<br>) | Appeal from the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois. |
| -vs- | )<br>) | No. 01-CF-2153 |
| **DWAYNE DORSEY,**<br>   Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>) | Honorable<br>Jeffrey B. Ford,<br>Judge Presiding. |

## PROOF OF SERVICE

ᵡMr. Robert Biderman
Office of the State's Attorneys
Appellate Prosecutor
725 South Second Street
Springfield, Illinois 62704

ᵡ Mr. Dwayne Dorsey
Register No. K67896
Menard Correctional Center
P.O. Box 711
Menard, IL 62259

ᵡ Ms. Julia Reitz
Champaign County State's Attorney
101 E. Main Street
Urbana, Illinois 61801

The undersigned, being first duly sworn on oath, deposes and says that she has served the required number of copies of the attached Motion in the above-entitled cause on the above named persons on October 20, 2005, by: _x_ United States Mail ___ Personal Service ____ United Parcel Service.

_Sheila Taaka_
Office of the State Appellate Defender
Fifth Judicial District
730 E. Illinois Highway 15, Suite #1
Mt. Vernon, IL 62864
618-244-3466

COUNSEL FOR DEFENDANT-APPELLANT

SUBSCRIBED AND SWORN TO
Before me on October 20, 2005.

_Allyson McPhail_
NOTARY PUBLIC
Official Seal
Allyson McPhail
Notary Public State of Illinois

# No. 4-05-0459

# IN THE APPELLATE COURT OF ILLINOIS

# FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,**<br>Plaintiff-Appellee, | )<br>)<br>)<br>) | Appeal from the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois. |
| -vs- | )<br>) | No. 01-CF-2153 |
| **DWAYNE DORSEY,**<br>Defendant-Appellant. | )<br>)<br>)<br>) | Honorable<br>Jeffrey B. Ford,<br>Judge Presiding. |

## ORDER

This cause coming on to be heard on the motion to compel production of entire record on appeal and This Court being fully advised,

IT IS HEREBY ORDERED THAT:

The Circuit Clerk of Champaign County is ordered to fully comply with Supreme Court Rule 608, which requires the Clerk to prepare a complete record on appeal. The Clerk is hereby ordered to forward additional photographs, flat exhibits and transcripts from the hearings held on December 18, 2001, January 30, 2002, January 31, 2002, February 5, 2002, February 6, 2002, February 13, 2002, February 22, 2002 (two hearings were held on this day), February 26, 2002, February 27, 2002, February 28, 2002, April 11, 2002, April 15, 2002, April 16, 2002 (voir dire), and May 17, 2002 in this cause to the Office of the State Appellate Defender, Fifth Judicial District, 730 E. Illinois Highway 15, Suite #1, Mt. Vernon, IL 62864, so that can be reviewed and supplemented to the record on appeal.

-------------------------------------------
                    JUSTICE

DATE: _____

IN THE UNITED STATES DISTRICT COURT

FOR THE ~~Northern~~    DISTRICT OF ILLINOIS

Donald Hulic K Warden )
                                  Plaintiff, )
                                                )
                                                )
v.                                              )    No. 01-CF-2153
                                                )
DWAYNE A. DORSEY _____ )
_____ )    The Honorable
_____ )    Jeffrey B. Ford _____,
                           Defendants. )    Judge Presiding.

## NOTICE OF FILING

TO:    Clerk of the United States District Court
       Prisoner Correspondent 219 South
       Dearbon Street, Chicago, Illinois 60604

       PLEASE TAKE NOTICE that on or before the _____ day of
_____, _____, I shall file with the Clerk
of the U.S. District Court For The _Northern_____ District
of Illinois, the attached Plaintiff's _Habeas Corpus petition_
_and transcripts Exhibits_____

a copy of which is hereby served upon you.

                              By: Dwayne Dorsey
                                  Register Number K67896
                                  Post Office Box 711,
                                  Menard, Illinois 62259

## CERTIFICATE OF SERVICE

       I, _Dwayne Dorsey_____, being duly sworn aver
that I have served copies of the foregoing to the person named above
by placing such copies in the U.S. Mailbox at the Menard Correctional
Center on the _8th_ day of _November_____, _2007_; postage
prepaid. UNDER THE PENALTY OF PERJURY THE FOREGOING IS TRUE AND
CORRECT.

                              Dwayne A. Dorsey
                              Affiant