# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GEORGE M. MAROVICH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6474 | **DATE** | 11/30/2007 |
| **CASE TITLE** | U.S. ex rel. Dwayne A. Dorsey (#K-67896) vs. Warden Donald Hulick, et al. | | |

**DOCKET ENTRY TEXT:**

The petition is transferred to the United States District Court for the Central District of Illinois at Urbana for preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The case is terminated on this court's docket. Any pending motions are denied as moot. The court notes that the petitioner has neither paid the statutory filing fee nor sought leave to proceed *in forma pauperis*.

■ **[For further details see text below.]**  Docketing to mail notices.

## STATEMENT

Dwayne Dorsey, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for aggravated sexual assault and predatory criminal sexual assault on the grounds that: (1) the police engaged in misconduct; (2) the petitioner's request for a preliminary hearing was denied; (3) he was denied his right to a speedy trial; (4) the State retaliated by bringing additional charges in retaliation for the petitioner's insistence on his speedy trial rights; (5) his counsel was ineffective; and (6) the denial of a public trial violated his constitutional rights.

The petitioner was convicted in Champaign County, Illinois. Champaign County lies within the federal judicial district for the Central District of Illinois. *See* 28 U.S.C. § 93(b). Under 28 U.S.C. § 2241(d), a state prisoner is authorized to file a petition for a writ of habeas corpus in either the federal judicial district of his confinement or the federal judicial district of his conviction. The petitioner in the case at bar was neither convicted in this district nor is he incarcerated in this district.

Given the ready availability of court records and, if necessary, potential witnesses, the district in which the prisoner was convicted is generally considered the more convenient of the two. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493-94 (1973). Accordingly, finding the district of conviction the most appropriate forum for this action, the court, pursuant to the discretion granted it under 28 U.S.C. § 2241(d), orders this action transferred to the United States District Court for the Central District of Illinois (Urbana Division) for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases. The case is closed on this court's docket.

mjm